**Michael C. CALLAN and Thomas J. Callan, Jr., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 26774.**

United States Court of Appeals, Ninth Circuit.

March 28, 1973.

**510**

Minot W. Tripp, Jr. (argued), Robert M. Winokur, Taylor, Winokur & Schoenberg, San Francisco, Cal., for petitioners-appellants.

John A. Townsend, IRS (argued), Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, K. Martin Worthy, Chief Counsel, IRS, Meyer Rothwacks, Thomas L. Stapleton, Tax Division, Dept. of Justice, Washington, D. C., for respondent-appellee.

Before MERRILL and ELY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

The issue here presented for review is whether certain transactions entered into by a dissolved corporation which, after dissolution, had been determined to be a personal holding company during a period of its existence, qualified for the deficiency dividends deduction under § 547 of the Internal Revenue Code.

Appellants each owned fifty percent of the stock of Callan Investment Company, a California corporation. On March 12, 1965, the corporation was dissolved and all assets and liabilities were distributed equally to the Callans in exchange for their capital stock. A certificate of winding up and dissolution was filed with the Secretary of State of California. By state law, West Cal.Corp. Code § 5400 (West 1954), a dissolved corporation "nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it, and enabling it to collect and discharge obligations * * *."

In 1968 the Commissioner determined that for the taxable year ending February 28, 1965, and the period ending March 12, 1965, the corporation was a personal holding company, having undistributed personal holding company income. Deficiencies in the payment of taxes were determined in the sums of $13,943.28 and $671.86. The Commissioner further determined that appellants, as transferees of the assets of the corporation, were jointly and severally liable for the deficiencies.

On March 22, 1968, a special meeting of the corporation's board of directors was held and resolutions were adopted requesting the shareholders to contribute a total of $21,000 "to enable this corporation to discharge its obligations." Appellants were authorized to establish a bank account and draw checks on it.

The account was established. Appellants paid $21,000 into it. The board of directors then held another meeting. Pursuant to Internal Revenue Code § 547 they purported to declare "deficiency dividends" in the amounts of $19,918.98 and $959.82, payable to appellants as shareholders. These sums were paid out of the special bank account. On May 13, 1968, the corporation filed a claim for a deficiency dividends deduction. The Commissioner disallowed the claim. Later, appellants filed amended income tax returns for the calendar year 1968, reporting an increase in income in the amounts of the "deficiency dividends" received from the corporation.

The Tax Court upheld the deficiencies determined by the Commissioner. It held the purported distribution in 1968 was not a genuine distribution for purposes of Internal Revenue Code § 316 (b)(2) and therefore did not qualify for the deficiency dividends deduction under Internal Revenue Code § 547. For the reasons set forth in its opinion, 54 T.C. 1514, we agree.

Affirmed.

---

* Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.