Warren E. and Marion F. FLETCHER,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–4464.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1982.

Decided April 21, 1982.

Lise Pearlman, Stark, Stewart Wells & Robinson, Oakland, Cal., for plaintiffs-appellants.

Stephen Gray, Washington, D. C., argued for defendant-appellee; Michael L. Paup,

John F. Murray, William A. Friedlander, Washington, D. C., on brief.

Before BROWNING, Chief Circuit Judge, and SKOPIL and NORRIS, Circuit Judges.

## OPINION

NORRIS, Circuit Judge:

The Fletchers appeal from a district court judgment awarding them only a partial refund for personal holding company (PHC) taxes for tax years 1971–76. We affirm in part and reverse in part.

### I

The Fletchers were the sole shareholders of Fletcher Enterprises, Inc. In 1976, the corporation adopted a 12-month plan of liquidation, and in January 1977, made a final distribution of $50,000 to the Fletchers.

In May 1977, the IRS notified the Fletchers that the liquidated corporation had been a personal holding company and that it had $32,800 of undistributed and untaxed PHC income for tax years 1971 76. In January 1978, as sole directors of the liquidated corporation, the Fletchers retroactively designated $32,800 of the corporation's final distribution as a dividend pursuant to I.R.C. § 316(b)(2)(B)(ii). The Fletchers hoped thereby to avoid the PHC tax, which is applied to undistributed PHC income.[1]

The Commissioner assessed a deficiency of $29,855 against the Fletchers as transferees of the corporation. That amount represents a 70% PHC tax on the $32,800 PHC income, plus interest and penalties. The Fletchers paid the deficiency and sued for a refund. On summary judgment, the district court awarded a partial refund of $2,268, holding that the January 1977 dividend could be deducted only against PHC income earned in that year.

### II

#### A.

In determining the amount of its taxable PHC income, a PHC may deduct dividends paid to shareholders. I.R.C. §§ 545, 561. "Dividends" paid by a PHC include distributions made *during* the tax year in which PHC income is earned and, in certain limited circumstances, distributions made *in respect of* the tax year in which PHC income is earned. I.R.C. § 316(b)(2)(A). The term "distribution" includes a property distribution made within 24 months of the adoption of a plan of liquidation to the extent the distribution is designated as a dividend. § 316(b)(2)(B).[2]

---

1. PHCs are corporations in which fewer than five persons own at least 50% of the stock, and which derive 60% or more of their income from passive investments (rent, royalties, interest, etc.) or from personal services performed by a major shareholder. I.R.C. §§ 542, 543. The PHC tax, which is designed to encourage PHCs to distribute PHC income, reflects a Congressional determination that such income is the personal income of the corporation's shareholders and should be taxed at progressive individual rates. *See Callan v. Commissioner*, 54 T.C. 1514, 1518 19, *aff'd*, 476 F.2d 509 (9th Cir. 1973).

2. I.R.C. § 316(b)(2) provides in pertinent part (emphasis added):
   Distributions by personal holding companies—
   (A) In the case of a corporation which—
   (i) under the law applicable to the taxable year *in which the distribution is made*, is a

personal holding company (as defined in section 542), or
(ii) for the taxable year *in respect of which the distribution is made* under section 563(b) (relating to dividends paid after the close of the taxable year), or section 547 (relating to deficiency dividends), . . . is a personal holding company . . . ,
the term "dividend" also means any distribution of property . . . made by the corporation to its shareholders, to the extent of its undistributed personal holding company income . . . *for such year.*
(B) For purposes of subparagraph (A), the term "distribution of property" includes a distribution in complete liquidation occurring within 24 months after the adoption of a plan of liquidation, but—

\* \* \* \* \* \*

(ii) only to the extent that the corporation designates such amounts as a dividend dis-

■ The Fletchers argue that the January 1977 distribution, made within 24 months of the adoption of a plan of liquidation and designated in part as a dividend, is deductible against undistributed PHC income earned from 1971 to 1976. The argument is not persuasive. Dividends paid against income earned in a past year are dividends paid "in respect of" a past year. *See* I.R.C. § 316(b)(2)(A)(ii). A PHC may deduct dividends paid "in respect of a past year" only: (1) when the dividend is paid within two and one-half months of the close of the tax year in which the income is earned, pursuant to I.R.C. § 563(b); or (2) when the dividend constitutes a "deficiency dividend" under section 547. I.R.C. §§ 545, 316(b)(2)(A)(ii). The Fletchers do not contend that dividends were paid within two and one-half months of the close of the tax years in which PHC income was earned, and we conclude that the 1977 distribution does not qualify as a "deficiency dividend" under section 547.

### B.

Section 547 is a relief provision, designed to give PHCs a final opportunity to avoid the PHC tax by distributing PHC income after a deficiency has been determined. It permits a PHC to deduct a post-determination distribution against any year for which the corporation had undistributed PHC income, provided that the distribution is made within ninety days *after* a "determination" of the amount of deficiency. A section 547 determination is a final determination by a court, a closing agreement made under I.R.C. § 7121, or a final agreement between the IRS and the taxpayer. I.R.C. § 547(c).[3] There was no agreement here, and the January 1978 dividend was paid before any final determination by a court.

The Fletchers argue that Congress did not intend the final determination requirement to apply to distributions by liquidating corporations. As a practical matter, they reason, no liquidating corporation assessed a deficiency could obtain a final determination within the 24 months allowed by section 316(b)(2)(B) for a complete liquidation; thus, the final determination requirement deprives liquidating corporations of the benefit of section 547.

■ Statutory provisions permitting deductions from taxable income are a matter of legislative grace and are strictly construed. *See Estate of Levine v. Commissioner*, 526 F.2d 717, 721 (2d Cir. 1975). By

---

tribution and duly notifies such distributees of such designation . . . , but

(iii) not in excess of the sum of such distributees' allocable share of the undistributed personal holding company income *for such year* . . . .

**3.** I.R.C. § 547 provides in pertinent part:

(a) General rule.—If a determination (as defined in subsection (c)) with respect to a taxpayer establishes liability for personal holding company's tax . . . for any taxable year, a deduction shall be allowed to the taxpayer for the amount of deficiency dividends . . . for the purpose of determining the personal holding company tax for such year, but not for the purpose of determining interest, additional amounts, or assessable penalties computed with respect to such personal holding company tax.

\* \* \* \* \* \*

(c) Determination.—For purposes of this section, the term "determination" means—

(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final;

(2) a closing agreement made under section 7121; or

(3) under regulations prescribed by the Secretary or his delegate, an agreement signed by the Secretary or his delegate and by, or on behalf of, the taxpayer relating to the liability of such taxpayer for personal holding company tax.

(d) Deficiency dividends.—

(1) Definition.—For purposes of this section, the term "deficiency dividends" means the amount of the dividends paid by the corporation on or after the date of the determination and before filing claim under subsection (e), which would have been includible in the computation of the deduction for dividends paid under section 561 for the taxable year with respect to which the liability for personal holding company tax exists, if distributed during such taxable year. No dividends shall be considered as deficiency dividends for purposes of subsection (a) unless distributed within 90 days after the determination.

its clear terms, section 547 permits deduction of a deficiency dividend *only* if the dividend is paid after a final determination. We find no basis for departing from the plain language of the statute.

The timing requirements for the distribution of PHC income are designed to ensure that PHC income is taxed to the corporation's shareholders at the time the income is earned. *See Callan v. Commissioner*, 54 T.C. 1514, 1518-19 (1970), *aff'd*, 476 F.2d 509 (9th Cir. 1973). To avoid the PHC tax, a corporation must ordinarily distribute its PHC income within two and one-half months of the close of the tax year in which the income is received. Section 547 provides a limited exception to that rule, permitting distribution within 90 days after a deficiency determination. If a PHC could claim a section 547 deduction for dividends distributed at any time, however, it could ignore the two and one-half month rule. The PHC could then select favorable tax years to distribute its PHC income, thereby minimizing the personal income tax liability of its shareholders while still avoiding the PHC tax. The final determination requirement of section 547 forecloses this avenue of tax avoidance. Although liquidating corporations may have difficulty complying with that requirement, we find no statutory or policy ground for exempting them from it.[4] *Cf. Leck Co. v. United States*, 73-2 U.S. Tax Cas. (CCH) ¶ 9694 (D.Minn.1973) (denying section 547 relief to a corporation that declared a dividend after signing an agreement with the Commissioner, but before the agreement became final under section 547(c), although the corporation's action was an "apparently unwitting, good

faith, harmless departure from a highly technical statutory scheme.")

The Fletchers contend that liquidating corporations should be exempt from the final determination rule because Congress enacted section 316(b)(2)(B) to extend the benefits of section 547 to liquidating corporations. The argument has no merit. Section 316(b)(2)(B) permits a PHC to designate a liquidation distribution as a dividend, and thus deduct it from PHC income, if the distributee also declares the distribution as a dividend. In so providing, Congress intended to ensure that when a PHC deducts a liquidation distribution from PHC income, the distributee will be taxed at ordinary, not capital gains, rates. *L. C. Bohart Plumbing & Heating Co. v. Commissioner*, 64 T.C. 602, 609-12 (1975). Moreover, section 316(b)(2)(B) expressly limits liquidation dividends to the amount of undistributed PHC income "for such year;" thus, there is no reason to believe that Congress intended section 316(b)(2)(B) to broaden the timing rules for claiming a dividend deduction.

Nor is there reason to believe that Congress anticipated that section 547 would routinely be useful to liquidating corporations. Section 547 relief is available to all non-liquidating PHCs and to PHCs that adopt a plan of liquidation after a deficiency determination.[5] It may be desirable to create a narrow exception to the final determination rule, extending the benefits of section 547 to PHCs that have liquidated before a deficiency is assessed. The current statute contains no such exception, however, and the task of statutory revision is one for Congress, not the courts. *See United States v. Olympic Radio & Television,*

---

**4.** The Fletchers' reliance on *Callan v. Commissioner*, 54 T.C. 1514 (1970), *aff'd*, 476 F.2d 509 (9th Cir. 1973) and *L. C. Bohart Plumbing & Heating Co. v. Commissioner*, 64 T.C. 602 (1975) is misplaced. Neither case suggests that a PHC need not strictly comply with the requirements of §§ 316 and 547.

**5.** A corporation that has been assessed a deficiency and wishes to liquidate could make a partial distribution of assets, reserving enough to cover the amount of PHC income assessed

by the IRS. After the amount of undistributed PHC income is officially determined, a plan of liquidation could be adopted in which that amount could be designated as a dividend under § 316 and claimed as a deficiency dividend under § 547. Apparently, the Fletchers failed to take advantage of this approach because the corporation was fully liquidated when they became aware of its PHC status.

*Inc.,* 349 U.S. 232, 236, 75 S.Ct. 733, 736, 99 L.Ed. 1024 (1955).

### III

■ The Government concedes that the district court erred in failing to award prejudgment interest under 28 U.S.C. § 2411(a) on the partial refund awarded.

The judgment is REVERSED and REMANDED so that the district court may determine the amount of prejudgment interest due and amend the judgment accordingly. In all other respects, the judgment is AFFIRMED.