**Gretta Fair DAVIS, Appellant,**

v.

**David Patterson FAIR, Appellee.**

**No. 11–85–322–CV.**

Court of Appeals of Texas,
Eastland.

March 27, 1986.

Rehearing Denied April 17, 1986.

Jerry Bain, Bain, Files, Allen & Caldwell, Tyler, for appellant.

Sam Cobb, Jr., Sam Cobb, Jr. & Associates, P.C., Mike A. Hatchell, Ramey, Flock, Hutchins, Jeffus, Crawford & Harper, Tyler, for appellee.

RALEIGH BROWN, Justice.

This case arose out of an order modifying a decree of divorce. On April 13, 1984, Gretta Fair Davis, appellant, and David Patterson Fair, appellee, were divorced. Davis was appointed managing conservator of the parties' two children, and Fair was appointed possessory conservator. The decree ordered Fair to pay $750 a month per child as support "until the child for whom such payment is being made reaches the age of eighteen." This decree was subsequently modified by an agreed order on September 24, 1984. On June 20, 1985, Fair sought an order modifying the original decree of divorce and the subsequent agreed order to provide him with the right to claim the parties' children as dependents for each taxable year in which he makes child support payments as ordered by the court. Alternatively, Fair sought a modification order reducing the amount of child support payments. On September 17, 1985, following a hearing, the trial court entered an order modifying decree of divorce and agreed order which provided:

It is, therefore, ORDERED that the Decree of Divorce and the Agreed Order entered herein are hereby expressly amended to provide that Petitioner, David Patterson Fair, shall be entitled to claim Laura Jane Fair and Eugenia Greer Fair as his dependents for each taxable year beginning January 1, 1985, in which he shall have made child support payments for each such child as ordered by this Court, so that the provisions of the revised paragraph (e) of Section 152 of the Internal Revenue Code of the United States shall not apply to the Decree of Divorce entered on April 13, 1984, as amended by the Agreed Order entered on September 24, 1984.

Davis appeals. We reverse and remand.

Davis argues that the trial court erred in entering the order to modify because such order was in violation of Internal Revenue Code sec. 152 (West 1984 & West Supp. 1985). We agree.

At the time of the divorce, Section 152 provided in pertinent part:

(e) Support test in case of child of divorced parents, etc.—

(1) General rule.—If—

(A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody).

(2) Special rule.—The child of parents described in paragraph (1) shall be treated as having received over half of his

support during the calendar year from the parent not having custody if—

(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or

(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for each of such children) for the calendar year, and

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

Fair, presumably, had been claiming the two dependency exemptions under the special rule contained in Section 152(e)(2)(B). Davis had not attempted to claim the two dependency exemptions under the general rule contained in Section 152(e)(1).

Section 152 was amended in 1984, effective January 1, 1985. The original decree was entered before passage of the amendment. The agreed order, modifying the original decree, was entered after the passage, but before the effective date, of the amendment. The trial court's September 17, 1985, order modifying the original decree of divorce and agreed order is founded solely upon the 1984 amendment to Section 152. Fair does not come within any of the exceptions contained in Section 152(e), as amended. After the amendment, Section 152 provides, in pertinent part:

(e) Support test in case of child of divorced parents, etc.—

(1) Custodial parent gets exemption.— Except as otherwise provided in this subsection, if—

(A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents—

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year. —A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may be regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

(3) Exception for multiple-support agreement.—This subsection shall not apply in any case where over half of the support of the child is treated as having been received from a taxpayer under the provisions of subsection (c).

(4) Exception for certain pre-1985 instruments.—

(A) In general.—A child of parents described in paragraph (1) shall be treated as having received over half his support during a calendar year from the noncustodial parent if—

(i) a qualified pre-1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(ii) the noncustodial parent provides at least $600 for the support of such child during such calendar year.

For purposes of this subparagraph, amounts expended for the support of a child or children shall be treated as received from the noncustodial parent to the extent that such parent provided amounts for such support.

(B) Qualified pre-1985 instrument.— For purposes of this paragraph, the term "qualified pre-1985 instrument" means any decree of divorce or separate maintenance or written agreement—

(i) which is executed before January 1, 1985,

(ii) which on such date contains the provision described in subparagraph (A)(i), and

(iii) which is not modified on or after such date in a modification which expressly provides that this paragraph shall not apply to such decree or agreement.

The general rule of Section 152(e) remained substantially the same after the 1984 amendment. Under the general rule of Section 152(e) as it presently exists, Davis would be the parent entitled to claim the dependency exemptions due to the fact that Davis is the managing conservator. This is exactly the same result which existed under the general rule of Section 152(e) prior to the 1984 amendment. The primary and relevant changes which the 1984 amendment made to Section 152(e) were in the area of the exceptions to the general rule.

Prior to the 1984 amendment, Section 152(e) provided two means by which the noncustodial parent could acquire the right to claim his or her children as tax exemptions. See *Hiland v. Hiland*, 467 N.E.2d 1253 (Ind.Ct.App.1984). The noncustodial parent could claim his or her children as dependents if: (1) he or she was awarded the exemption under the dissolution decree and he or she paid at least $600 per year per child in support; or (2) the noncustodial parent paid at least $1,200 per year per child in support and the custodial parent failed to show that he or she provided more support than the noncustodial parent during the same calendar year. In addition, subsection (c) of Section 152, dealing with multiple support agreements, also provided an exception to the general rule.

After the 1984 amendment to Section 152, subsection (e) provides the following means by which the noncustodial parent can acquire the right to claim his or her children as dependents: (1) if a multiple support agreement is in effect, subsection (c) of Section 152 can provide an exception to the general rule which gives the custodial parent the right to claim the exemption; (2) if the custodial parent signs a written declaration that he or she will not claim the child as a dependent and the noncustodial parent attaches such declaration to his or her tax return, the noncustodial parent can claim the child or children as dependents; or (3) if a "qualified pre-1985 instrument between the parents" provides that the noncustodial parent shall be entitled to the deduction and the noncustodial parent provides at least $600 per year per child in support, the noncustodial parent can claim the child or children as dependents on his or her tax return.

It is clear that the exception under which Fair was claiming the exemptions prior to the 1984 amendment no longer existed after the 1984 amendment. The question, therefore, is whether an exception exists under the present version of Section 152

which will allow Fair to claim the parties' children as his dependents.

■ A careful study of the three exceptions in Section 152(e) reveals that the exceptions are not applicable to the instant case. First, no multiple-support agreement, defined in subsection (c) of Section 152, exists.[1] Second, the facts conclusively show that Davis, the custodial parent, has not signed a written declaration releasing her right under the general rule to claim the parties' children as dependents. Finally, there exists no "qualified pre-1985 instrument between the parents," as defined in subsection (4)(B) of Section 152, which "provides that the noncustodial parent shall be entitled to" the dependency deductions. Nothing in the original decree of divorce or the subsequent agreed order even mentions or makes reference to which parent shall have the right to claim the dependency exemptions. Fair, therefore, does not come within any of the exceptions provided by Section 152. Thus, Fair cannot escape the general rule which grants the custodial parent the right to claim the children as dependents.

■ Fair seems to argue that subsection (4)(B)(iii) of Section 152(e), dealing with a "qualified pre-1985 instrument," entitles him to claim the parties' children as dependents on his tax returns and that the trial court's modification order can be upheld on such basis. We disagree with such contention.

Subsection (4)(B)(iii) cannot be read in isolation; rather, it must be read and interpreted in conjunction with the entire statute of which it is a part. Subsection (4) provides:

1. Section 152(c):
   Multiple support agreements.—For purposes of subsection (a), over half of the support of an individual for a calendar year shall be treated as received from the taxpayer if—
   (1) no one person contributed over half of such support;
   (2) over half of such support was received from persons each of whom, but for the fact that he did not contribute over half of such support, would have been entitled to claim such individual as a dependent for a taxable year beginning in such calendar year;

(4) Exception for certain pre-1985 instruments.—

(A) In general.—A child of parents described in paragraph (1) shall be treated as having received over half his support during a calendar year from the noncustodial parent if—

(i) a qualified pre-1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deduction allowable under Section 151 for such child, and

(ii) the noncustodial parent provides at least $600 for the support of such child during such calendar year.

For purposes of this subparagraph, amounts expended for the support of a child or children shall be treated as received from the noncustodial parent to the extent that such parent provided amounts for such support.

(B) Qualified pre-1985 instrument.— For purposes of this paragraph, the term "qualified pre-1985 instrument" means any decree of divorce or separate maintenance or written agreement—

(i) which is executed before January 1, 1985,

(ii) *which on such date contains the provisions described in subparagraph (A)(i), and*

(iii) *which is not modified on or after such date in a modification which expressly provides that this paragraph shall not apply to such decree or agreement.* (Emphasis added)

(3) the taxpayer contributed over 10 percent of such support; and
(4) each person described in paragraph (2) (other than the taxpayer) who contributed over 10 percent of such support files a written declaration (in such manner and form as the Secretary may be regulations prescribe) that he will not claim such individual as a dependent for any taxable year beginning in such calendar year.

When read in conjunction with the whole exception to which it applies, it is apparent that subsection (4)(B)(iii) of Section 152(e) does not grant a court the power to determine through a modification decree who shall be entitled to a dependency exemption. Subsection (4)(B)(iii) merely gives a court the power to modify a pre-January 1, 1985, instrument which already contains a provision granting the noncustodial parent the right to any deduction allowable under Section 151 of the Internal Revenue Code. The purpose of subsection (4)(B)(iii) is to continue the force and effect of pre-amendment decrees which contain an express agreement relating to a noncustodial parent's right to claim the dependency exemption. Subsection (4)(B)(iii) does not give a court the power to modify a pre-amendment decree which is void of any agreement relating to a dependency exemption. Absent an agreement in a pre-amendment decree, the exception provided in subsection (4) of Section 152(e) is not applicable.

This interpretation is fully supported by the legislative history which explains the purpose and effect of the 1984 amendment to Section 152. The relevant legislative history, appearing in the United States Code Congressional and Administrative News, states:

3. Dependency Exemption (secs. 424 and 427 of the bill and secs. 151 and 152(e) of the Code)

\* \* \* \* \* \*

Explanation of Provision

Under the bill, as under present law, the parent having custody of a child for the greater portion of the year (the custodial parent) will generally be treated as having provided more than one-half of the child's support and therefore be entitled to the dependency exemption. This rule also will apply to parents not living together during the last 6 months of the calendar year, as well as those divorced or separated under a separation agreement. *The bill provides three exceptions to the general rule.* First, the custodial parent can release his or her

claim to the exemption for the year to the noncustodial parent. For this exception to apply, the custodial parent will have to sign a written declaration that he or she will not claim the child as a dependent for the year, and the noncustodial parent will have to attach the written declaration to his or her tax return. That declaration may be made for one or more specified calendar years. The parties may make a permanent declaration a copy of which the noncustodial parent attaches to each year's return, or the declaration may be made by the custodial spouse annually in order to better insure the receipt of child support payments.

Next, as under present law, the general rule will not apply in the case of multiple support agreements. *Finally, an exception is provided to continue existing law for certain decrees or agreements which are executed before January 1, 1985, and under which the custodial parent had agreed to release his or her claim to the dependency exemption to the noncustodial parent. Thus, if such an agreement exists, the noncustodial parent may claim the dependency exemption if he or she provides at least $600 for the support of the child during the year.* The parties may modify the decree or agreement to make this rule inapplicable by expressly so providing. (Emphasis added)

Deficit Reduction Act of 1984, Pub.L. No. 98–369, 1985 U.S.CODE CONG. & AD. NEWS (98 Stat. 494) 697, 1139–1141.

Deductions and exemptions provided in the taxing statutes are to be narrowly and strictly construed and are not to be extended beyond the clear import of the language used. *See, e.g., Bingler v. Johnson,* 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969); *Fletcher v. United States,* 674 F.2d 1308 (9th Cir.1982); *Estate of Levine v. Commissioner,* 526 F.2d 717 (2nd Cir. 1975); see also 47A C.J.S. *Internal Revenue* sec. 131 (1985). Clearly, a court cannot grant a taxpayer a deduction or exemption which has not been provided for by the legislature. See *Calvin v. United States,*

354 F.2d 202 (10th Cir.1965); *Baltimore Dairy Lunch v. United States*, 231 F.2d 870 (8th Cir.1956). As declared by the United States Supreme Court in *Deputy v. DuPont*, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416 (1940):

> [A]llowance of deductions from gross income ... "depends upon legislative grace; and only as there is clear provision thereof can any particular deduction be allowed." *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 78 L.Ed. 1348, 1352, 54 S.Ct. 788 [790].

█ In the instant case, since Fair did not come within any of the exceptions provided in Section 152, the trial court erred in attempting to grant Fair the right to claim the parties' children as his dependents on his tax return. The trial court had no authority to grant Fair a deduction to which he was not entitled under the Internal Revenue Code.

Fair argues that the 1984 amendment to Section 152 operates to increase the economic burden imposed upon him by the support order. According to Fair, equity and economic practicalities demand that he be granted the dependency deductions so that the status quo can be maintained. Such arguments were also made by Fair at the trial court's hearing on the motion to modify.

The alleged economic impracticalities of a taxing statute and the equitable considerations urged by a taxpayer are not relevant when considering what deductions and exemptions are permissible. *See, e.g., Commissioner v. National Alfalfa Dehydrating and Milling Company*, 417 U.S. 134, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974); *Deputy v. DuPont*, supra; *Estate of Dupree v. United States*, 391 F.2d 753 (5th Cir.1968). The United States Supreme Court in *Commissioner v. National Alfalfa Dehydrating and Milling Company*, supra, declared:

> The propriety of a deduction does not turn upon general equitable considerations, such as a demonstration of effective economic and practical equivalence.

> Rather, it "depends upon legislative grace...."

In 47A C.J.S. *Internal Revenue* sec. 130 (1985), it is stated:

> [E]quitable considerations do not control what deductions are permissible, and in order to establish the right to a deduction, the taxpayer must be able to point to some provision in the Internal Revenue Code and show that the item claimed as a deduction comes within that provision.

Having found that Fair does not come within any of the exceptions to the general rule of Section 152, the economic and equitable considerations urged by Fair do not and cannot create a different result. It may well be that the support obligation imposed upon Fair will result in a greater economic burden due to the 1984 amendment to Section 152, but neither the trial court nor any court can grant to Fair a deduction to which he is not entitled under the Internal Revenue Code.

█ Finally, Fair contends that the power to allocate dependency exemptions has generally resided in the state courts and that such power should continue to reside in the state courts even after the amendment to Section 152. In support of his contention that the state courts have generally had the power to allocate dependency exemptions, Fair cites *Kolb v. Kolb*, 479 S.W.2d 81 (Tex.Civ.App.—Dallas 1972, no writ); *Westerhof v. Westerhof*, 137 Mich. App. 97, 357 N.W.2d 820 (1984); *Niederkorn v. Niederkorn*, 616 S.W.2d 529 (Mo. Ct.App.1981); and *Morphew v. Morphew*, 419 N.E.2d 770 (Ind.Ct.App.1981). In addition, we have found a number of cases which are either similar to or identical to those cited by Fair. See *Hoyle v. Hoyle*, 473 N.E.2d 653 (Ind.Ct.App.1985); *Hiland v. Hiland*, supra; *Ruiz v. Ruiz*, 668 S.W.2d 866 (Tex.App.—San Antonio 1984, no writ); *Roberts v. Roberts*, 553 S.W.2d 305 (Mo.Ct. App.1977); *Pettitt v. Pettitt*, 261 So.2d 687 (La.Ct.App.1972); *Vinet v. Vinet*, 184 So.2d 33 (La.Ct.App.1966).

Neither the cases cited by Fair nor those which this Court found to be similar stand

for the proposition that a state court can award a parent the right to claim a dependency exemption if such parent is not entitled to the exemption under the explicit language of the Internal Revenue Code. In *Neiderkorn v. Niederkorn,* supra, cited by Fair, the appellate court reviewed the trial court's award of a dependency exemption to the wife. In upholding the trial court's action, the *Niederkorn* court made the explicit finding that "[t]he award of the exemption to wife ... was not contrary to the provisions of the Internal Revenue Code."

We hold that Fair does not come within any of the exceptions to the general rule of Section 152. The general rule, expressed in subsection (e)(1) of Section 152, grants the right to claim the dependency exemption to the custodial parent, Davis. The trial court was without authority to disregard the statute and to thereby grant the exemption to one who was not entitled to it under the law.

The order of the trial court modifying the original decree of divorce and the agreed order which provides Fair the right to claim the parties' children as his dependents is reversed. Since Fair sought, alternatively, in his motion to modify an order reducing the amount of child support payments, we remand this case in the interest of justice for a determination of whether Fair is entitled to such reduction. See *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex. 1972).

The judgment is reversed, and the cause remanded.