TED RADIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Radin v. Commissioner
Docket No. 43303-85.
United States Tax Court
T.C. Memo 1987-348; 1987 Tax Ct. Memo LEXIS 348; 53 T.C.M. (CCH) 1339; T.C.M. (RIA) 87348; July 20, 1987. Ted Radin, pro se. Peter M. Ritteman, for the respondent. PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) of the Code (redesignated as sec. 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180, 181 and 182. [1]
Respondent determined a $ 460 deficiency in petitioner's 1983 Federal income tax. After concessions, the issues for our decision are: (1) whether petitioner is entitled to deduct the cost of certain professional books and examination fees; and (2) whether petitioner is entitled to a dependency exemption for his daughter. Ted Radin (hereinafter "petitioner") resided *351 in Detroit, Michigan at the time the petition in this case was filed. Some of the facts have been stipulated and are incorporated herein by this reference. PROFESSIONAL EXPENSES Petitioner has an MBA and a Ph.D. in Mathematics. During 1983, he taught mathematics, economics and computer science at Wayne State University and also worked as an actuarial analyst. In this regard, he took several parts of the Society of Actuaries' examination. When he passes seven parts of the exam he will qualify as an "enrolled actuary" which entitles him to prepare and submit certain pension plan documents to the Internal Revenue Service. See sec. 6059(b). A candidate who successfully completes all ten parts of the examination becomes a Fellow of the Society of Actuaries (FSA) conferred with additional rights and privileges. On his 1983 Federal income tax return, petitioner deducted a total of $ 2,851.35 of professional expenses on Schedule A. At trial, petitioner claimed an even greater deduction for professional expenses, comprised of the following: Actuarial books & materials
$ 1,201.08
Actuarial examination fees
540.00
Teaching expenses - Wayne State
404.24
Office expenses
315.51
Job seeking expenses
596.09
Total
$ 3,056.92
*352 None of petitioner's expenses were reimbursed by his employer. Respondent disallowed all of petitioner's professional expenses in the notice of deficiency, but, at trial, conceded that office expenses, job seeking expenses and the expenses of teaching at Wayne State are deductible. Moreover, respondent also conceded that the entire $ 3,056.92 had been expended by petitioner but continued to question the deductibility of the actuarial books, materials and exam fees alleging that they were incurred to qualify petitioner for a new job or profession. Petitioner contends that, as an actuarial analyst, he was required to prepare and sit for actuarial exams to maintain his present position and salary and, therefore, these amounts are deductible. Petitioner also contends that he used the books while working at his job as an actuarial analyst but admits these same books were made available for his use by his employer.
Expenditures for education are deductible if the education maintains or improves skills required in the individual's employment. Sec. 1-162-5(a), Income Tax Regs. However, even *353 if these qualifications are met, education expenses are not deductible if they lead to qualifying the individual for a new trade or business. Sec. 1-162-5(b)(3), Income Tax Regs.; Johnson v. Commissioner,77 T.C. 876, 878 (1981). It is well established that we must employ objective standards in determining the applicability of section 1.162-5(b)(3), Income Tax Regs.Bodley v. Commissioner,56 T.C. 1357, 1360 (1971); Weiler v. Commissioner,54 T.C. 398, 408 (1970). The subjective intent of the taxpayer is not determinative.
In evaluating whether the "new trade or business" exception applies, this Court uses a commonsense approach, that is, we compare the types of tasks and activities the taxpayer was qualified to perform before he acquired the education at issue and those he is qualified to perform afterwards. Davis v. Commissioner,65 T.C. 1014, 1019 (1976); Glenn v. Commissioner,62 T.C. 270, 275 (1974). In applying that test, we have found different trades or businesses *354 within the same general field. See Reisinger v. Commissioner,71 T.C. 568 (1979) (physician's assistant different from licensed practical nurse); Glenn v. Commissioner, supra (certified public accountant different from licensed public accountant); Antzoulatos v. Commissioner,T.C. Memo. 1975-327 (registered pharmacist different from intern pharmacist. Petitioner purchased actuarial books and materials and paid examination fees to pursue a course of study which eventually will qualify him to become an enrolled actuary and later a FSA. These positions are accorded certain rights, privileges, and responsibilities not available to an actuarial analyst. Furthermore, even if petitioner referred to these books in the course of his employment, he admittedly was supplied with these same materials by his employer, and we doubt that he would have purchased them if he had not otherwise needed them to study for the actuarial examination. Consequently, after due consideration, we find that petitioner's job as an actuarial analyst is different from the services he would perform as an enrolled actuary or a certified actuary, and therefore, *355 the latter constitutes a new trade or business. Sec. 1-162-5(b)(3), Income Tax Regs. Accordingly, petitioner's expenditures for these books, materials, and exam fees do not constitute deductible education expenses. DEPENDENCY EXEMPTION Petitioner and Alice M. Johnson (hereinafter "Alice") had a daughter, Laura Johnson (hereinafter "Laura") in 1978. Although Alice was never married to petitioner, he was ordered by the Wayne County Circuit Court (hereinafter "Circuit Court") to pay Alice $ 300 per month in child support. In 1983, petitioner paid $ 1,300 to the Circuit Court under this order. He paid $ 2,000 of the 1983 arrearages the following year. Because petitioner did not have visitation rights and did not know the whereabouts of either Alice or Laura he was not able to ascertain the total cost of Laura's support in 1983. Nevertheless, petitioner claimed a dependency exemption for Laura on his 1983 income tax return. Respondent disallowed the exemption in the notice of deficiency. In general, a taxpayer may claim a dependency exemption for his daughter if he provides over one-half *356 of her support. Secs. 151(e) and 152(a). The taxpayer has the burden of proving that he provided the required support. Vance v. Commissioner,36 T.C. 547, 549 (1961). Petitioner established that he provided Laura with $ 1,300 of support in 1983, [2] but because he has no contact with Alice, he could not establish the amount of Laura's total support during that year. Although we realize that this presents him with quite a dilemma, without this information, there is no way that we can ascertain whether he contributed over one-half of Laura's support in 1983. See Blanco v. Commissioner,56 T.C. 512, 514-515 (1971); Seraydar v. Commissioner,50 T.C. 756, 760 (1968). Consequently, we cannot allow the deduction. Nonetheless, *357 petitioner asserts that he fits within the special rule of section 152(e) entitled "SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA." [3]Under this special rule, if the parents are separated or divorced and the child is in the custody of one parent and the other parent provides $ 1,200 or more of the child's support, then the non-custodial parent is presumed to have provided over half of the child's support. See Labay v. Commissioner,55 T.C. 6, 11 (1970), affd. per curiam 450 F.2d 280 (5th Cir. 1971). *358 Petitioner contends that the words "et cetera" in the heading of section 152(e) include parents who have never been married and that the decree of "separate maintenance" referred to in section 152(e)(1)(A) includes his court ordered support. Consequently, petitioner argues that he is a noncustodial parent who has provided over $ 1,200 in child support, and as such is presumed under section 152(e)(2)(B) to have provided over one-half of his daughter's support during 1983. Initially, we note that headings provided in the Internal Revenue Code are not controlling. See sec. 7806(b); Estate of Rosenberg v. Commissioner,86 T.C. 980, 990 (1986), affd. without published opinion 812 F.2d 1401 (4th Cir. 1987), and cases cited therein. It is the language of the statute that controls. We think it is clear that section 152(e) applies only to parents who are "divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement". [4] See sec. 1.152-4(a), Income Tax Regs. *359 Consequently, only parents previously united in marriage come within its ambit. [5] Since petitioner was never married to Alice, he does not qualify as a separated parent and his court ordered support does not qualify as separate maintenance. Accordingly, we find that petitioner may not take refuge within the special rule of section 152(e). Finally, petitioner contends that the Circuit Court "hoisted" Laura upon him, resulting in a $ 3,600 per year drain from his household for which he receives no benefit. He argues, therefore, that it is only fair and reasonable to allow him to recoup a small fraction of the funds transferred out of his income stream. To put it mildly, petitioner's argument does not tear at our heart-strings. Laura was not begot by the Circuit Court and the law has required fathers to support their offspring long before there was an income tax or the availability of income tax deductions. Moreover, *360 taxpayers have no inherent rights to deductions, they are charged with showing that they are entitled to them under the language of a particular statute. Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Since petitioner has not shown that he met the requirements of sections 151 and 152, he is not entitled to a dependency exemption for his daughter. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioner further argues that the $ 2,000 in arrearages paid in 1984 should be added to the support he provided in 1983. The Regulations clearly prohibit this treatment. Sec. 1.152-1 (a)(2)(iii)(a), Income Tax Regs.; McKay v. Commissioner,34 T.C. 1080 (1960). See Gulvin v. Commissioner,644 F.2d 2↩ (5th Cir. 1981), affg. a Memorandum Opinion of this Court. 3. During 1983 section 152(e)(1) and (2) provided: (e) SUPPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA. -- (1) GENERAL RULE. -- If -- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
such child shall be treated, for the purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) SPECIAL RULE. -- The child of parents described in paragraph (1) shall be treated as having received over half his support during the calendar year from the parent not having custody if -- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $ 600 for the support of such child during the calendar year, or (B)(i) if the parent not having custody provides $ 1,200 or more for the support of such child * * * for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. * * * This section was amended by the Deficit Reduction Act of 1984, section 423(a), 98 Stat. 799, effective for taxable years beginning after December 31, 1984. A minor conforming amendment was made by the Tax Reform Act of 1986. ↩
4. Presumably, the words "et cetera" in the heading of section 152(e)↩ refer to parents who are separated but not divorced.
5. Anderson v. Commissioner,T.C. Memo 1984-671↩.