Denise LYSTAD, Appellant,

v.

Garr LYSTAD, Appellee.

No. 2–95–096–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 31, 1996.

Jake Collier, Lewisville, for appellant.

Robert N. Eames, Philips and Hopkins, P.C., Denton, for appellee.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

On September 9, 1987, Denise and Garr Lystad divorced. On March 23, 1995, the trial court, on a motion to modify in a suit affecting the parent-child relationship, ordered the parties to act as joint managing conservators of the parties' three children. The court also granted Denise the right to claim the income tax exemption for their minor son and granted Garr the right to claim the income tax exemptions for their two minor daughters. In one point of error, Denise claims that the trial court abused its discretion in granting the income tax exemptions for the minor daughters to Garr.

■ Denise argues that the trial court's order violates 26 U.S.C.A. § 152(e) (West Supp.1995). Section 152(e)(1) states:

**(e) Support test in case of child of divorced parents, etc.—**

**(1) Custodial parent gets exemption.**—Except as otherwise provided in this subsection, if—

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—

(i) who are divorced or legally separated under a decree of divorce or separate maintenance, [and]

. . . .

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

*Id.*

There are also three exceptions to section 152(e)(1): (1) where the custodial parent releases a claim to the exemption in writing; (2) where a multiple-support agreement ex-

**618**

ists;[1] and (3) where a pre–1985 divorce decree or written agreement exists. 26 U.S.C.A. § 152(e)(2)–(4). The three children live with Denise, and she has the right to possession of them on Mother's Day and alternating spring vacations, Christmases, and Thanksgivings. Garr has the right to possession of the children one weekend per month, winter vacation, part of summer vacation, and alternating spring vacations, Christmases, and Thanksgivings. Because Denise has custody of all three children for the greater portion of the year, she is entitled to claim the income tax exemptions for all three children unless any exceptions apply.

We must narrowly construe deductions and exemptions provided in the tax statutes. Such deductions and exemptions "are not to be extended beyond the clear import of the language used." *Davis v. Fair,* 707 S.W.2d 711, 716 (Tex.App.—Eastland 1986, no writ). We find that none of the three exceptions to section 152(e)(1) applies. The trial court did not have the authority to disregard section 152(e) and award Garr exemptions to which he was not entitled. *Id.* at 718; *see also Voelker v. Voelker,* 520 N.W.2d 903, 909 (S.D.1994). Accordingly, we reverse that portion of the trial court's order granting Garr Lystad the income tax exemptions for the two minor daughters. We render judgment that Denise Lystad be granted the income tax exemptions for all three children for so long as she is the custodial parent as defined in 26 U.S.C.A. § 152(e).

---

1. 26 U.S.C.A. § 152(c) (West Supp.1995) states:
   **Multiple support agreements.**—For purposes of subsection (a), over half of the support of an individual for a calendar year shall be treated as received from the taxpayer if—
   (1) no one person contributed over half of such support;
   (2) over half of such support was received from persons each of whom, but for the fact that he did not contribute over half of such support, would have been entitled to claim such individual as a dependant for a taxable year beginning in such calendar year;

   (3) the taxpayer contributed over 10 percent of such support; and
   (4) each person described in paragraph (2) (other than the taxpayer) who contributed over 10 percent of such support files a written declaration (in such manner and form as the Secretary may by regulations prescribe) that he will not claim such individual as a dependant for any taxable year beginning in such calendar year.
   *Id.*