**In the Interest of C.C.N.S., fka C.N.**

**No. 2–96–208–CV.**

Court of Appeals of Texas,
Fort Worth.

Oct. 23, 1997.

Barbara C. Crampton, Crampton, Crampton & Estrada, Wichita Falls, for Appellant.

Cyndi Schenk, Wichita Falls, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellee Alfred Sanchez filed a petition to establish his paternity of C.C.N.S. ("C.C.") in September 1995, when C.C. was almost four years old. The trial court entered a decree finding that Sanchez was C.C.'s biological father, changing C.C.'s last name, requiring C.C. to enroll in school under his new last name, awarding Sanchez the federal income tax exemption on C.C. every other year, and ordering Appellant LaDonna Johnson to sign a release so that Sanchez could claim the exemption.

## POINTS OF ERROR

Johnson brings two points arguing that the trial court erred by (1) ordering the name change and (2) awarding Sanchez an income tax exemption for odd-numbered years.

## DECISION

We hold that the trial court did not err by changing C.C.'s last name but did err in awarding Sanchez the income tax exemption and in ordering Johnson to sign the release. We therefore affirm the judgment in part and reverse and reform in part to delete both the award to Sanchez of the exemption and the requirement that Johnson execute a waiver in favor of Sanchez.

## NAME CHANGE

■ In her first point, Johnson complains that Sanchez's pleadings do not meet the statutory requirements for requesting a name change.[1] Specifically, she complains that the pleadings were not verified, they did not show why the name change was requested, and they did not provide the full name requested for the child.

However, Johnson failed to object to the insufficiency of the pleadings. Indeed, she herself testified about the name change, and her attorney cross-examined Sanchez about it. We therefore hold that Johnson waived error, if any, concerning this point.[2] Johnson's first point is overruled.

## FEDERAL INCOME TAX EXEMPTION

■ In her second point, Johnson asserts that the trial court erred and abused its discretion by awarding Sanchez the federal income tax exemption on C.C. in alternating years. In particular, she complains that the trial court ordered her to "sign Form 8332 to release to Alfred Sanchez the tax exemption for the child on the odd-numbered years." Sanchez does not oppose this point Thus, both parties believe that the trial court abused its discretion by awarding the federal tax exemption to Sanchez and ordering Johnson to release it. Because the decision of who is entitled to a federal income tax exemption does not lie with a state court, we agree.

## SUBSTANTIVE LAW

■ Generally, a parent may claim a dependency exemption for his or her child if he or she provides more than 50% of the child's annual support.[3] The parent has the burden of proving the requisite amount of support.[4] There are, however, exceptions to the general rule. Section 152(e) of the Internal Revenue Code provides such exceptions. The relevant portions of section 152(e) provide:

**(e) Support test in case of child of divorced parents, etc.—**

**(1) Custodial parent gets exemption.**—Except as otherwise provided in this subsection, if—

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—

---

1. See TEX. FAM. CODE ANN. § 45.002 (Vernon 1996).

2. See TEX. R. CIV. P. 90 (stating that omissions or defects in the pleadings not specifically pointed out to the trial judge in writing before the judgment is signed are waived).

3. See I.R.C. §§ 151(c),152(a) (West 1997).

4. See Radin v. Commissioner, 53 T.C.M. (CCH) 1339, 1341, 1987 WL 40400 (1987); Vance v. Commissioner, 36 T.C. 547, 549, 1961 WL 1156 (1961).

.... [5]

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

**(2) Exception where custodial parent releases claim to exemption for the year.**—A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—

(A) the custodial parent signs a written declaration ... that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year.... [6]

Sections 151(c) and 152(a) provide the general rule that the person providing over 50% of the support receives the dependency exemption. Section 152(e)(1) states the general exception to section 152(a) that, in cases involving divorced or separated parents, the custodial parent receives the exemption even if the other parent provides over 50% of the child's support; section 152(e)(2) provides the relevant exception to the exception.

**5.** Subsections (i) and (ii) are not applicable to this case because they expressly limit their application to parents who are divorced, legally separated, or separated under a written agreement. I.R.C. § 152(e)(1)(A)(i)(ii) (West 1997).

**6.** I.R.C. § 152(e)(1)(A)(iii), (B)(2)(A). The other two exceptions, not applicable here, occur if there is a multiple support agreement or if a pre–1985 divorce decree or written agreement exists. *See id.* § 152(e)(3), (4).

**7.** *See id.* §§ 151(c),152(a).

**8.** *See* Act of Aug. 31, 1967, Pub.L. No. 90–78, § 1(a), 81 Stat. 191 (1967) (amended 1984).

**9.** *Bingler v. Johnson*, 394 U.S. 741, 751–52, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695, 705 (1969);

## ANALYSIS

While the court named Johnson and Sanchez as joint managing conservators, Johnson has possession of the child for a greater portion of the calendar year. She also provides over 50% of the child's support. She is therefore entitled to claim the income tax exemption under the general rule,[7] and the trial court erred by mandating that she release her exemption to Sanchez.

Before the 1984 amendment, a trial court could award the exemption to a noncustodial parent who paid at least $600 per year to support the child.[8] That provision is no longer in effect. While decrees and written agreements entered into before 1985 are still valid, in post–1984 cases not involving multiple support agreements, Congress has chosen to provide just one exception: the release. Thus in amending the statute in 1984, Congress clearly removed from state courts the power to allocate dependency exemptions.

Exemptions provided in the Internal Revenue Code are to be strictly construed.[9] They are not constitutionally mandated; rather, they depend on legislative grace.[10] Section 152(e) provides three alternatives for qualified noncustodial parents to claim the federal exemption; a post–1984 order by a state trial court is not one of them.

While tax exemptions are the result of legislative grace, when a person is entitled to a federal exemption, a trial court may not take it away.[11] We therefore hold, consistent

*Lystad v. Lystad,* 916 S.W.2d 617, 618 (Tex. App.—Fort Worth 1996, no writ); *Davis v. Fair,* 707 S.W.2d 711, 716 (Tex.App.—Eastland 1986, no writ).

**10.** *See New Colonial Ice Co. v. Helvering,* 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348, 1352 (1934).

**11.** *See* U.S. Const. art. VI, amend. XVI; *see also Blanchard v. Blanchard,* 261 Ga. 11, 401 S.E.2d 714, 715–17 (1991):

Article Six of the United States Constitution provides that the Constitution and the laws made pursuant to the Constitution are the supreme law of the land and the Judges in every State are bound by them. The Sixteenth Amendment to the United States Constitution

with *Lystad,* that the trial court exceeded its authority under sections 151 and 152 of the Internal Revenue Code by (1) ordering Johnson to release a dependency exemption allocated to her by the federal government and (2) awarding the exemption to Sanchez when a strict construction of the exemption excludes him from such an award.[12] We sustain Johnson's second point.

We therefore affirm the judgment in part and reverse and reform the judgment in part to delete both the award to Sanchez of the exemption and the requirement that Johnson execute a waiver in favor of Sanchez.

provides that only Congress has the power to impose a tax on income.... As the United States Supreme Court [has] explained ..., when construing federal tax statues our concern is:

only with the meaning and application of a statute enacted by Congress, in the exercise of its plenary power under the Constitution, to tax income. The exertion of that power is not subject to state control. It is the will of Congress which controls, and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nationwide scheme of taxation. State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law.... The state

law creates legal interests but the federal statute determines when and how they shall be taxed.

....

Nothing within the subsection expressly or impliedly makes the operation of the statute "dependent upon state law." ...

If a state forcibly takes the tax exemption from a custodial parent, with earned income, *that parent's income becomes subject* to unauthorized tax liability. The state would be exerting the power of taxation, and that power "is not subject to state control."

12. Of course, our holding does not restrict the trial court from entering such orders in a case where the parent entitled to the exemption voluntarily releases it as part of a binding agreement with the other parent.