NUMBER 13-00-719-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


NARDYS KAY SCOTT LOCKER , AKA NARDYS KAY SCOTT RUIZ, Appellant,


v.



GRADY THOMAS LOCKER , Appellee.

___________________________________________________________________


On appeal from the 107th District Court

of Cameron County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez



Appellant, Nardys Kay Scott Locker, aka Nardys Kay Scott Ruiz (Ruiz), appeals the trial court's order awarding appellee,
Grady Thomas Locker (Locker), an exemption for their minor child, and ordering Ruiz to execute a tax exemption claim
form releasing the exemption to Locker for the tax periods 1999-2005. By one issue, Ruiz contends the trial court erred
because it had no authority to award the tax exemption to a noncustodial parent or to enforce the release of the exemption
to a noncustodial parent. We agree and vacate the order.

As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

Under federal law, a parent having custody of a child more than half of the calendar year will be considered the parent
providing over half of the support, therefore receiving the federal tax exemption. See 26 U.S.C.A. § 152(e)(1) (West Supp.
2001). There are three exceptions to section 152(e)(a): (1) where the custodial parent releases a claim to the exemption in
writing; (2) where a multiple-support agreement exists; and (3) where a pre-1985 divorce decree or written agreement
exists. See id. § 152(e)(2)-(4); Lystad v. Lystad, 916 S.W.2d 617, 617-18 (Tex. App.--Fort Worth 1996, no writ).

It is undisputed that Ruiz had custody of the minor child for the greater portion of each year. (1) Therefore, she is entitled to
claim the income tax exemption for the child unless one of the exceptions apply. Ruiz refused to sign a written release.
Under the facts of the case, none of the exceptions apply. Because federal law determines who is entitled to federal income
tax exemptions, the trial court did not have authority to award the tax exemption to Locker. See In the Interest of J.G.Z.,
J.N.Z. and J.B.Z., Minor Children, 963 S.W.2d 144, 150 (Tex. App.--Texarkana 1998, no pet.); Lystad, 916 S.W.2d at 618
(citations omitted); Ruiz v. Ruiz, 668 S.W.2d 866, 867 (Tex. App.--San Antonio 1984, no writ). Neither did it have the
authority to order the written release of the exemption. (2) See In the Interest of C.C.N.S., fka C.N., 955 S.W.2d 448, 449-51
(Tex. App.--Fort Worth 1997, no pet.) We sustain Ruiz's sole issue on appeal.

Accordingly, we vacate the trial court's order enforcing the award of the remaining exemption to Locker and ordering Ruiz
to release the exemption to Locker.



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Memorandum Opinion delivered and 

filed this 31st day of August, 2001.



1. Locker filed no response in this appeal.

2. "[O]ur holding does not restrict the trial court from entering such orders in a case where the parent entitled to the
exemption voluntarily releases it as part of a binding agreement with the other parent." In the Interest of C.C.N.S., fka
C.N., 955 S.W.2d 448, 449-51 (Tex. App.--Fort Worth 1997, no pet.).