**In the Interest of S.L.M. and W.G.M., Minor Children.**

**No. 05–08–01277–CV.**

Court of Appeals of Texas, Dallas.

July 31, 2009.

Angela D. Norris, Robert W. Minshew, Kennedy & Minshew & Campbell, Sherman, TX, for Appellant.

Kelly R. Bickerstaff, Attorney At Law, Sherman, TX, for Appellee.

Before Justices WRIGHT, BRIDGES, and FRANCIS.

## OPINION

Opinion By Justice WRIGHT.

Father appeals from the trial court's order awarding custody and tax exemptions. In a single issue, Father contends the trial court erred in awarding to Mother the right to claim the two children as exemptions on her tax return. We sustain Father's issue and render judgment that Father is entitled to claim the children as dependents.

Mother and Father have two children together. They never married. Mother filed a petition for divorce. Father responded stating that Mother was married to another man. The issue of custody was tried to the court. On December 7, 2007, the trial court rendered an order appointing Mother and Father as joint managing conservators. The trial court did not order any child support. The trial court awarded to Mother the right to claim the children "as tax exemptions for federal tax purposes for the year 2007 and each year thereafter." Father filed a motion for new trial complaining about the tax exemption provision. The trial court ordered a new trial. Following a hearing, the trial court reinstated its December 7, 2007 order. This appeal timely followed.

 The question of income tax exemptions is an area of federal law that has preempted state law and must be determined according to applicable federal statutes. *In the Interest of J.G.Z.*, 963 S.W.2d 144, 150 (Tex.App.-Texarkana 1998, no pet.). When a person is entitled to a federal income tax exemption, the trial court may not take it away. *See In the*

*Interest of C.C.N.S.*, 955 S.W.2d 448, 450 (Tex.App.-Fort Worth 1997, no pet.); *Lystad v. Lystad,* 916 S.W.2d 617, 618 (Tex. App.-Fort Worth 1996, no pet.).

In computing taxable income, a taxpayer may claim dependents as exemptions. 26 U.S.C.A. § 151(a) & (c) (West Supp. 2009). The term "dependent" includes a qualifying child. 26 U.S.C.A. § 152(a)(1) (West Supp. 2009). A child of a taxpayer is a qualifying child. 26 U.S.C.A. § 152(c)(1)(A) & (2)(A) (West Supp. 2009). Federal law provides that if the parents claiming a qualifying child do not file a joint return together, such child shall be treated as the qualifying child of "the parent with whom the child resided for the longest period of time during the taxable year." 26 U.S.C.A. § 152(c)(4)(B)(i) (West Supp. 2009).

An exception to this general rule applies to parents who are divorced, legally separated, or have lived apart for the last six months during the calendar year. 26 U.S.C.A. § 152(e)(1) (West Supp. 2009). For purposes of this subsection, the "custodial parent" is the parent having custody of the child for the greater portion of the calendar year and the "noncustodial parent" is the parent who is not the custodial parent. 26 U.S.C.A. § 152(e)(4) (West Supp. 2009). Under subsection 152(e), the child is treated as the qualifying child of the noncustodial parent if (1) the custodial parent releases a claim to the exemption for the year or (2) a pre–1985 instrument applies. 26 U.S.C.A. § 152(e)(1)-(3) (West Supp. 2009). It is undisputed that none of the exceptions to the general rule giving the exemption to the custodial parent apply in this case.

 Thus, we must determine, under the custody order, whether Father or Mother has custody of the children for the greater portion of the calendar year. If Father is the custodial parent, the trial

court erred in awarding to Mother the right to claim the children as dependents on her tax return.

The trial court awarded Father possession of the children on Tuesdays after school[1] until school starts on Thursday and on Fridays after school until 1:00 p.m. on Sunday. Mother has possession of the children Thursdays after school until school starts on Fridays and on Sundays at 1:00 p.m. until school starts on Tuesday.

With respect to summer vacation, the trial court awarded Father extended summer possession of thirty days. Mother was awarded an additional weekend of possession during the summer. By alternating years, the trial court's order gives equal time to Mother and Father with respect to Thanksgiving, Christmas, and spring break. Mother receives the same amount of time for Mother's Day weekend as Father receives for Father's day weekend.

During the normal periods of possession, Father has possession of the children for approximately 100 hours a week as compared to 68 hours a week for Mother. Moreover, the trial court awarded Father an extended summer possession of thirty days as compared to an additional weekend awarded to Mother during the summer.

We conclude that, pursuant to the trial court's order, Father has possession of the children for more than one-half of the calendar year. Accordingly, he is entitled to claim the children as exemptions on his federal tax return. *See* 26 U.S.C.A. § 152(c)(4)(B)(i). The trial court erred in awarding Mother that right.

We sustain Father's sole issue and reverse the trial court's order with respect to the tax exemption provision. In all other respects, we affirm the trial court's order.

---

1. If it is a day when school is not in session, possession begins at 9:00 a.m.