532 So.2d 98 (1988)
Eva Laverne McKENZIE, Appellant,
v.
Ronald K. KINSEY, Appellee.
No. 87-1226.
District Court of Appeal of Florida, First District.
October 19, 1988.
*99 Thomas L. Powell of Douglass, Cooper, Coppins & Powell, Tallahassee, for appellant.
No appearance for appellee.
NIMMONS, Judge.
Eva McKenzie appeals from an order modifying a final judgment of dissolution of marriage. Appellant challenges (1) the trial court's award to the husband of the federal income tax dependency exemption and (2) the trial court's denial of her request for attorney's fees. We find the attorney's fee issue to be without merit. However, we agree that the trial court erred in awarding the husband the benefit of claiming the parties' minor children as dependents for federal income tax purposes.
In its Order Modifying Final Judgment, the trial court ordered as follows:
The Ex-Husband shall claim the children of the Parties as dependents for income tax purposes. Beginning with the tax year 1987, the Ex-Wife shall execute such written declarations as are necessary (including, but not limited to Form 8332) to entitle the Ex-Husband to claim the minor children as dependents for income tax purposes.
In Florida, it has been held that trial courts have no authority to make such an award. In Sumner v. Tart, 362 So.2d 344 (Fla. 1st DCA 1978), the wife appealed an order modifying the final judgment of dissolution, in which the trial court had awarded to the husband the federal income tax dependency exemption for the parties' child. This court held that federal tax matters must be resolved according to the Internal Revenue Code and regulations, and not according to the provisions of a state court order modifying a marriage dissolution judgment. See also Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971) (trial court exceeded its authority by granting wife the right to declare one of her two children as a tax exemption since the question of whether either party has the right to declare child as a tax exemption is to be determined by the applicable provisions of the Internal Revenue Code).
Under the Internal Revenue Code, a taxpayer is allowed a dependency exemption for certain children. I.R.C. § 151(c). The general rule under the Code is that for tax years beginning after 1984, the custodial parent[1] is automatically entitled to take the dependency exemption for a child if all of the following requirements are met:
(1) The child's parents contribute more than half of the child's support during the calendar year.
(2) The child's parents have not lived together during the last six months of the *100 year, or are divorced or separated under a written agreement or decree.
(2) The child is in custody of one or both parents for more than half of the calendar year.[2]
There are three exceptions to the general rule that the custodial parent is entitled to the exemption: (a) Where a multiple support agreement is in force, the exemption will be allocated in accordance with the provisions governing such agreements, I.R.C. § 152(e)(3); (b) Where a decree or agreement executed before January 1, 1985 provides that the custodial parent releases his claim to the dependency exemption to the noncustodial parent and the noncustodial parent furnishes at least $600 of support for the child during the calendar year, the dependency exemption may be taken by the noncustodial parent, I.R.C. § 152(e)(4); (c) Where the custodial parent signs a written declaration in a form complying with the regulations that he will not claim the exemption for any taxable year beginning with the calendar year and the noncustodial parent attaches the declaration to his tax return for the calendar year, the noncustodial parent may take the dependency exemption, I.R.C. § 152(e)(2).
Under the general rule articulated in Section 152(e)(1), the wife, as the custodial parent, is automatically entitled to claim the dependency exemption in this case, assuming the requirements of the Code are met. The husband does not appear to come within any of the exceptions to the general rule and thus is not entitled to the exemption under the explicit language of the Code. First, no multiple-support agreement, defined in subsection (c) of Section 152, exists. Second, the custodial parent did not voluntarily sign a written declaration releasing her right under the general rule to claim the parties' children as dependents.[3] Finally, there exists no pre-1985 decree or agreement providing that the custodial parent releases her claim to the dependency exemption. Nothing in the original dissolution judgment, dated October 5, 1982, even mentions which parent shall have the right to claim the dependency exemption.
The Order Modifying Final Judgment is REVERSED and this case is REMANDED for the entry of an amended order consistent with this opinion.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] For tax purposes, the "custodial parent" is the one who has custody of the child for the greater portion of the calendar year. I.R.C. § 152(e)(1).
[2] I.R.C. § 152(e)(1).
[3] In awarding the exemption to the husband, the trial court directed the wife to execute a written waiver of the exemption. Because entitlement to the dependency exemption depends on the provisions of the Code and agreement of the parties, the trial court had no authority to require the wife to execute a waiver.

Some states have recognized that, because of equitable considerations involved in child support cases, a trial court should be authorized to order the noncustodial party to execute a waiver and award the federal income tax dependency exemption as an integral part in setting child support. See Cross v. Cross, 363 S.E.2d 449 (W. Va. 1987); Fudenberg v. Molstad, 390 N.W.2d 19 (Minn.App. 1986). However, equitable considerations should not control what deductions are permissible. As recognized by the United States Supreme Court in C.I.R. v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974):
The propriety of a deduction does not turn upon general equitable considerations, such as a demonstration of effective economic and practical equivalence to what actually occurred, but rather `depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.' New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 [54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934)]... .
It is well established that deductions and exemptions provided in taxing statutes are not to be extended beyond the clear import of the language used. See, e.g., Bingler v. Johnson, 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969); Fletcher v. U.S., 674 F.2d 1308 (9th Cir.1982); See also 47A C.J.S. Internal Revenue § 131 (1985). Certainly a court cannot grant a taxpayer a deduction or exemption which has not been provided for by the legislature. See Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416 (1940); Calvin v. U.S., 354 F.2d 202 (10th Cir.1965). In order to establish the right to a deduction, then, the taxpayer must be able to point to some provision in the Internal Revenue Code which shows that he is entitled to such deduction. See generally, Davis v. Fair, 707 S.W.2d 711 (Tex. Ct. App. 1986).