547 So.2d 192 (1989)
James S. HOLLEY, Appellant/Cross-Appellee,
v.
Mary K. HOLLEY, Appellee/Cross-Appellant.
No. 88-02774.
District Court of Appeal of Florida, Second District.
August 2, 1989.
Robert A. Love, St. Petersburg, for appellant/cross-appellee.
Pamela Cole Bell of John D. Fernandez, P.A., Clearwater, for appellee/cross-appellant.
CAMPBELL, Chief Judge.
We are presented in this appeal with several issues, but find merit in only two of the issues raised in the wife's cross-appeal.
In the final judgment of dissolution, among other things, the trial court awarded custody of the parties' two minor children to the wife and allowed the husband to claim the children as dependents for tax purposes. The court also ordered each party to be responsible for payment of his or her own attorney's fees. For the reasons given below, we reverse both the dependency tax credit provision and the attorney fee provision.
The general rule is that the custodial parent is automatically entitled to claim the dependency exemption if certain requirements are met, all of which are met here. There are three exceptions to the general rule:
(a) Where a multiple support agreement is in force, the exemption will be allocated in accordance with the provisions governing such agreements, I.R.C. § 152(e)(3); (b) Where a decree or agreement executed before January 1, 1985 provides that the custodial parent releases his claim to the dependency exemption to the noncustodial parent and the noncustodial parent furnishes at least $600 of support for the child during the calendar *193 year, the dependency exemption may be taken by the noncustodial parent, I.R.C. § 152(e)(4); (c) Where the custodial parent signs a written declaration in a form complying with the regulations that he will not claim the exemption for any taxable year beginning with the calendar year and the noncustodial parent attaches the declaration to his tax return for the calendar year, the noncustodial parent may take the dependency exemption, I.R.C. § 152(e)(2).
McKenzie v. Kinsey, 532 So.2d 98, 100 (Fla. 1st DCA 1988); Villaverde v. Villaverde, 547 So.2d 185 (Fla. 3d DCA 1989). Because none of the exceptions apply here, we conclude that the court erred when it awarded the dependency tax credit to the husband. Accordingly, on remand, we order the tax dependency provision stricken.
The trial court also ordered each party to be responsible for payment of his or her own attorney's fees. The purpose of section 61.16, Florida Statutes (1987), permitting the court to award attorney's fees, is to ensure that both parties have the same ability to secure counsel. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). On this record, it is clear that the wife does not have the same ability to pay attorney's fees as does the husband. She is a child care worker earning approximately $6,500 per year. The husband is a police officer earning $24,000 to $33,000 per year. As part of the equitable distribution, the wife received no liquid assets. Under these circumstances, the court's failure to award the wife some portion of her attorney's fees was error and we, accordingly, reverse. On remand, we direct the trial court to reconsider the wife's request for attorney's fees and to order the husband to contribute to payment of the wife's attorney's fees.
Affirmed in part, and reversed and remanded in part.
PARKER and ALTENBERND, JJ., concur.