588 So.2d 1049 (1991)
Karen M. NELSON, Appellant,
v.
James A. NELSON Jr., Appellee.
No. 90-03484.
District Court of Appeal of Florida, Second District.
November 8, 1991.
*1050 M. Katherine Ramers and Ky M. Koch, Boyer and Koch, P.A., Dunedin, for appellant.
Scot E. Samis, Law Offices of Ehrlich & Samis, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Karen Nelson, the wife, appeals from a final judgment of dissolution of marriage. She contends the trial court erred in denying her permanent alimony, in failing to consider the husband's retirement plan as an asset for equitable distribution, and in denying her attorney's fees. We agree that her contentions have merit.
The wife petitioned and the husband counter-petitioned for dissolution of their fourteen-year marriage. Both sought an equitable distribution of their assets, and the wife sought rehabilitative, lump sum and permanent periodic alimony, physical custody of the one child born of the marriage in 1982, and child support.
The parties, each 44 years old, were married in 1976. During the first four or five years of the marriage, the wife worked as a radiation oncology technician. After their daughter was born, the parties decided the wife should stay home and care for the child. At the time of the final hearing, the wife had been working 32 hours a week, taking summers off to care for their daughter when she was not in school. She earned $16,000 per year.
The hearing on dissolution was held in June 1990, at which time the husband claimed he earned $60,000 per year in his position with E.I. Du Pont de Nemours & Company. Nevertheless, his March 31 statement of earnings showed he had earned $21,804.25. The trial court found the husband's annual salary appeared to be $60,000 to $65,000 and also projected the wife's income to be $27,000 per year if she worked full time. Marital assets consisted primarily of the parties' home and the husband's pension plan.
The final judgment granted the wife primary residential custody of the child and $725 per month child support. The court gave the husband liberal visitation rights. The court denied the wife's claim for rehabilitative or permanent alimony and ordered the proceeds from the marital home to be divided equally. It also ordered each party to pay his/her attorney's fees and costs. The court made no disposition of the husband's pension plan. It did, however, credit the wife with $800 as a division of the $1,600 of stock in the husband's Employment Stock Option Plan.
The court's determination that the wife has a potential earning capacity of $27,000 per year contemplates her full-time employment. This would necessitate her to arrange for child care for their eight-year-old daughter and require her to suspend caring for the daughter during the summers.
As the supreme court opined in its seminal decision, Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980):
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties' *1051 earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates... .
Given the length of the marriage, the standard of living of the parties, the needs of the wife, and the fact that the trial judge determined that the husband makes over twice the amount wife has the potential to earn on a full-time basis, we find the court abused its discretion in failing to award the wife permanent periodic alimony.
We turn next to the wife's contention with respect to the husband's pension plan with DuPont. The supreme court first addressed the disposition of pension plans upon dissolution of marriage in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). There the court held that where pension benefits are vested they are to be considered a marital asset subject to equitable distribution or as a source of payment of permanent alimony. In Lovelady v. Lovelady, 576 So.2d 946 (Fla. 2d DCA 1991), and Deloach v. Deloach, 552 So.2d 324 (Fla. 1st DCA 1989), the holding of Diffenderfer was found to require courts to consider such benefits a marital asset even though the pension evidence adduced was minimal. Here, the husband testified that the pension plan was vested, but no other details concerning the plan were elicited.
Although we point out that on remand the trial court should consider the husband's retirement plan in making an equitable distribution, counsel are advised that a trial court should be presented with more than a mere mention of a pension's existence. It is counsel's responsibility to present sufficient, detailed evidence concerning such plans to enable the trial court to accomplish an equitable distribution.
Finally, we think the disparities in the parties' annual incomes, and the lack of any substantial ready asset or income producing assets being distributed to the wife, entitled her to an award of attorney's fees. Henning v. Henning, 507 So.2d 164 (Fla. 3d DCA 1987); O'Steen v. O'Steen, 478 So.2d 489 (Fla. 1st DCA 1985).
On remand the trial court shall receive evidence with respect to the husband's pension plan and make such awards as are equitable as outlined in this opinion. Further, since awards in dissolution of marriage cases must be viewed in their totality, the court should receive additional evidence on the issues of the wife's needs and the husband's ability to pay as it deems necessary.
Reversed and remanded for further consideration consistent with this opinion.
CAMPBELL and ALTENBERND, JJ., concur.