599 So.2d 1343 (1992)
John Parker FENNER, Appellant/Cross Appellant/Appellee,
v.
Sonja Gail FENNER, Appellee/Cross Appellee/Appellant.
Nos. 89-0805, 89-2999, 91-0030 and 91-0106.
District Court of Appeal of Florida, Fourth District.
May 13, 1992.
Rehearing and Rehearing Denied June 24, 1992.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and John P. Fenner, Fort Lauderdale, pro se, appellant/cross appellant/appellee.
Martin L. Haines, III of Martin L. Haines, III, Chartered, Lake Park, for appellee/cross appellee/appellant.
Rehearing and Rehearing En Banc Denied June 24, 1992.
DELL, Judge.
These consolidated appeals arise out of an action for dissolution of a twenty-one year marriage. The husband appeals the final judgment of dissolution and the award of attorney's fees and costs to the wife. He also appeals an order finding him in contempt for nonpayment of child support and alimony. In Case No. 91-0106, *1344 the wife appeals orders modifying the final judgment. The orders reduced the husband's obligation to pay child support and alimony and allocated the federal income tax dependency exemption for the minor children to the husband. The husband cross-appeals. We affirm in part and reverse in part.
The final judgment of dissolution provided that the husband would receive, as part of the property settlement, all his interest in the law firm partnership including his capital contributions and pension plan. The judgment required the husband to pay all the joint debts, including tax responsibilities for the years 1985 through 1987. The wife received the marital home, all the furniture therein and the family's 1987 station wagon.
The final judgment also required the husband to pay child support for the parties' two minor children in the amount of $2,000 per month and a like amount as permanent periodic alimony. After the dissolution of marriage, the wife moved with the children to Connecticut and resided in her parents' home. The court thereafter reduced the amount of child support by $500 per month.
The husband argues that the trial court erred in its distribution of the marital assets, the award of permanent periodic alimony and the award of attorney's fees and costs to the wife. He also argues that the trial court erred when it denied his motion to amend his pleadings to request primary physical residence. We have carefully reviewed each of the husband's arguments and conclude that he has failed to demonstrate that the trial court erred in the proceedings leading to the final judgment or that it abused its discretion in the distribution of the assets and the award of permanent periodic alimony. We find no harmful error in the trial court's denial of the husband's motion to amend his pleadings to request primary physical custody because in addition to this issue being tried by consent, the husband requested, in closing argument, that the wife be awarded primary physical custody. We also find no abuse of discretion in the trial court's order directing the husband to pay approximately one-half of the wife's attorney's fees incurred in the dissolution proceeding. Therefore, we affirm the final judgment of dissolution in all respects.
We now turn to the appeals concerning the orders modifying the final judgment. The first modification order contains the following findings:
The Court finds that the Former Husband has sustained approximately a forty percent (40%) decrease in actual income. The Court finds that this decrease is significant, material, involuntary and at the present time, permanent in nature.
The Court establishes the Former Husband's net income at this time to be Four Thousand Two Hundred Dollars ($4,200.00) and the Former Wife's net income to be approximately Four Hundred Dollars ($400.00). This results in total monthly income to the Parties to be Four Thousand Six Hundred Dollars ($4,600.00). The Former Husband's percentage share is Ninety-one Percent (91%) and therefore, under the guidelines of Florida Statute 61, the Former Husband's appropriate child support payment would be One Thousand Two Hundred Twenty Dollars ($1,220.00).
The Former Husband also requests a reduction in alimony. He is currently required to pay Two Thousand Dollars ($2,000.00) per month as permanent alimony. .. . [T]he Former Husband should be required to pay the sum of One Thousand Two Hundred Dollars ($1,200.00) a month as permanent alimony.
The order provides for an effective date of June 1, 1990 and awarded the wife attorney's fees incurred in the modification proceedings. In a subsequent modification order, the trial court allocated the right to claim the children as dependents for federal income tax purposes to the husband and denied the husband's request to apportion the parties' 1988 income tax liability.
The wife's first point on appeal is that the trial court erred by granting a reduction in child support and alimony because the husband failed to show that his change in circumstances was permanent in *1345 nature. In his cross-appeal, the husband argues that the trial court erred in failing to grant him a greater reduction in child support and alimony. Neither party has supplied a transcript of the modification hearing nor a proper substitute therefor. The trial court heard only argument of counsel on rehearing. This court stated in Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990):
The decision of the trial court comes to an appellate court clothed in a presumption of correctness and the burden is on appellant to demonstrate reversible error. Therefore, the failure to provide either a transcript or proper substitute for one, such as a reconciliation of the facts by the parties and trial court judge, is usually fatal. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
The trial court's findings in the first modified final judgment furnish an adequate basis to support the reduction in child support and alimony. See Haas v. Haas, 552 So.2d 252 (Fla. 4th DCA 1989); see also De Molina v. De Molina, 463 So.2d 405 (Fla. 3d DCA 1985); Conklin v. Conklin, 551 So.2d 1279 (Fla. 4th DCA 1989).
We find merit, however, in the husband's argument on cross-appeal that the trial court erred when it failed to establish the date of filing of the petition for modification as the effective date of the modification of child support and alimony. See Fotornoy v. Fotornoy, 397 So.2d 329 (Fla. 4th DCA 1991); see also Buckley v. Buckley, 343 So.2d 890 (Fla. 4th DCA 1977), appeal dismissed, 362 So.2d 1050 (Fla. 1978). Therefore, on remand, we direct the trial court to change the effective date of modification of the husband's child support and alimony payments to the date of filing of the petition for modification.
The wife also argues that the trial court erred when it allocated the right to declare the children as dependents for federal income tax purposes to the husband. We disagree. The Third District Court of Appeal in Ford v. Ford, 592 So.2d 698 (Fla. 3d DCA 1991), held:
The question presented for en banc consideration is whether, in a child support proceeding, the trial court may order the custodial parent to execute a release of the federal income tax dependency exemption, and thereby accomplish a transfer of the exemption from the custodial parent to the noncustodial parent. We hold that the trial court may do so, so long as the obligation to execute the Internal Revenue Service ("IRS") release of exemption is expressly conditioned on the noncustodial parent's being current in child support payments. In so holding we join the position of the clear majority of American jurisdictions and recede from this court's earlier ruling to the contrary in Villaverde v. Villaverde, 547 So.2d 185, 187 (Fla. 3d DCA 1989).
Id. 592 So.2d at 699. The court also pointed out that:
The Family Law Section of the Florida Bar urged this court [the Third District Court of Appeal] to adopt the majority American rule and hold that the trial court has the power to require a transfer of the dependency exemption. The Section argues that a transfer of the exemption can, in appropriate cases, produce higher net parental income which can then be translated into an order for higher child support payments.
Id. at 700. We adopt the reasoning and the holding in Ford and approve the trial court's allocation of the dependency exemption.
We note, however, that the trial court, in a subsequent order, qualified its allocation of the dependency exemption to provide:
The rehearing states that the Court should not have allowed the Former Husband to be able to declare the children as deductions on his federal income tax. However, the Court's order simply states that at this time, the Court has found that the Former Husband is supplying a majority of the children's expenses and, as such, he would have a right, by federal law to use them as a deduction on his income tax. This Court does not interpret that language to mean that next *1346 year he has the same right if, in fact, he is not supplying a majority of the income to support the children.
The wife correctly points out that in the absence of an Internal Revenue Service waiver form, the custodial parent would be entitled to the dependency exemption. Even though the reason advanced by the trial court would not have satisfied the Internal Revenue Code requirement for the transfer of the dependency exemption to the noncustodial parent, the record shows that the trial court did not abuse its discretion when it so ruled. The husband's obligations for child support and alimony, when considered in relation to his available income, supports the trial court's decision to place the dependency exemption with the husband. As the court held in Ford, the trial court has the discretion to reallocate and to require the custodial parent to waive the dependency exemption in order "to maximize available income by reducing taxes so that more dollars are available to be paid in child support." Id. at 703. Such reallocation of the dependency exemption must, however, be conditioned upon the noncustodial parent being current in the child support payments.
We reverse the order on modification because it fails to direct the wife to transfer the dependency exemption to the husband. We remand this case to the trial court with instructions to enter such further orders concerning the waiver of the dependency exemption as may be consistent with this opinion and the opinion in Ford. We recognize that our holding and the holding in Ford conflicts with the First District Court of Appeal's decision in McKenzie v. Kinsey, 532 So.2d 98 (Fla. 1st DCA 1988).
We find no error in the trial court's refusal to apportion liability for the parties' 1988 income taxes or its award of attorney's fees to the wife in the modification proceeding.
Accordingly, except as otherwise expressly provided in this opinion, we affirm the final judgment, the award of attorney's fees and costs to the wife and each of the orders presented in these consolidated appeals. We remand this cause to the trial court for further proceedings consistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE, J., concurs.
WARNER, J., concurs in part and dissents in part with opinion.
WARNER, Judge, concurring in part and dissenting in part.
I agree with the majority opinion except for the affirmance of the award of attorney's fees in the initial final judgment. Where the trial court awards a wife the lion's share of the assets, awards alimony and child support of nearly 60% of the husband's take home pay, and requires the husband to pay most of the other debts of the marriage, the trial court has placed the wife in an equal if not superior financial position in this dissolution, making it an abuse of discretion to award fees to her. See Ball v. Ball, 554 So.2d 629 (Fla. 4th DCA 1989).