615 So.2d 694 (1992)
Barry L. GREGOIRE, Appellant,
v.
Renee J. GREGOIRE, Appellee.
No. 92-00239.
District Court of Appeal of Florida, Second District.
October 28, 1992.
Rehearing Denied January 8, 1993.
Michael L. Hastings of Battaglia, Ross, Hastings & Dicus, P.A., St. Petersburg, for appellant.
Richard T. Earle, Jr. of Earle and Earle, St. Petersburg, for appellee.
LEHAN, Chief Judge.
In this dissolution of marriage case we affirm the award to the ex-wife of $4,000 per month permanent alimony, an additional $445.00 per month for taxes on the alimony, and $1,000 per month for each of two children as child support.
This case, which involves an 11-year marriage, may be considered to be somewhere within the "gray area" of factual situations involving whether an award of permanent alimony is proper. That is, as will be further explained, this case may be considered to be somewhere between what Judge Anstead has referred to as "cases at opposite ends of the marital spectrum: short marriages of partners with relatively equal earning abilities and no children, and long term marriages with children and partners with substantial disparities in earning ability." Geddes v. Geddes, 530 So.2d 1011, 1017 (Fla. 4th DCA 1988), as quoted in Kremer v. Kremer, 595 So.2d 214, 216 n. 1 (Fla. 2d DCA 1992).
In Kremer, which involved a six-year marriage, this court reversed an award of permanent alimony and directed that no alimony be awarded. As in Kremer, the wife in the case now before us was self-supporting before the marriage (and was in this case employed during the marriage up until approximately three and one-half years prior to the separation), is of a relatively young age (in this case age thirty-seven), and is qualified and able to earn a living (in this case having the ability, according to expert testimony, to earn $20,000 to $25,000 per year at this time and $30,000 to $35,000 per year after five years). Also, as in Kremer, the husband has a substantial income which in this case, according to the trial court's findings based upon recently preceding years and the first nine months of the year of the final hearing, is $210,000 per year. On these facts by themselves, Kremer may call for no permanent alimony, notwithstanding that the husband could well afford it.
On the other hand, there are three particular differences between this case and Kremer, without addressing whether there is a material difference between the durations of the marriages in the two cases:
*695 (1) the parties to this case have two minor children, ages 8 and 10, for whom the wife has primary residential custody, whereas no children were involved in the Kremer marriage. While, as the husband points out, the wife is an avid tennis player, there was no showing that she disregards the interests of the children or, for that matter, engages in any activities in which she did not engage during their last years of marriage while they were living together.
(2) In this case, when the husband's income had increased substantially in recent years, the parties had specifically agreed that the wife would stop working, permanently terminate her career, and become a full-time homemaker, as she did, whereas an agreement of that type is not reflected in Kremer. Whether in this case there was an implicit condition to that agreement that the parties remain married may be arguable but was not established.
(3) In this case the achievement by the husband of his substantial income producing ability was shown to have been directly attributable to the wife having financially supported the family while the husband's income was relatively minimal and he was beginning his present line of work, albeit during a period of only about 18 months, whereas in Kremer there was "no showing that the disparity between the husband's and the wife's assets and income after the dissolution resulted in any substantial way from the [wife's contribution to the] marriage." 595 So.2d at 215.
The husband, citing Kremer, contends that no amount of permanent alimony was proper or at least that it was improper to award an amount of permanent alimony and child support sufficient for the wife to remain home as a homemaker without deduction for what she would be able to earn if she would rejoin the ranks of the employed. The husband's position under that alternative contention has substantial persuasiveness. Yet the facts which differentiate this case from Kremer, as outlined above, cause us to conclude there was no abuse of discretion. That is, we conclude that reasonable men could differ as to the propriety of the award. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). See also the discussion of judicial discretion in Kremer, 595 So.2d at 217-18, quoting Judge Farmer's dissenting opinion in Thomason v. State, 594 So.2d 310, 317 (Fla. 4th DCA 1992). In other words, we do not conclude that the trial court in this case had no "sound and logically valid reason for the choice made." Thomason, 594 So.2d at 317 (Farmer, J., dissenting), quoting from Parce v. Byrd, 533 So.2d 812, 814 (Fla. 5th DCA), review denied, 542 So.2d 988 (Fla. 1988), which quoted from State ex rel. Mitchell v. Walker, 294 So.2d 124, 126 (Fla. 2d DCA 1974), which quoted from Utica Mutual Ins. Co. v. Clonts, 248 So.2d 511, 512 (Fla. 2d DCA 1971).
Having in mind the husband's argument that economic conditions portend a reduction in his income, we note that our affirmance is of course without prejudice to a motion to modify the amount of alimony if there is a substantial change in circumstances.
We do not find merit in the husband's other contentions.
Affirmed.
RYDER and HALL, JJ., concur.