617 So.2d 815 (1993)
David L. BAILEY, Appellant,
v.
Evelyn D. BAILEY, Appellee.
No. 92-01403.
District Court of Appeal of Florida, Second District.
April 30, 1993.
*816 Joseph R. Park of Park, Rodnite, and Ossian, P.A., Clearwater, for appellant.
John Elzeer of St. Petersburg, for appellee.
PARKER, Acting Chief Judge.
David Bailey appeals the final judgment of dissolution of marriage which provided for permanent periodic alimony to Evelyn Bailey and for the distribution of the parties' real and personal property. Because the record does not support the values that the trial court placed on the marital assets, we reverse.
This was an eight-year marriage, which produced no children. This was Mrs. Bailey's fourth marriage, and Mr. Bailey's second marriage. Mrs. Bailey is forty-seven years old and is in good health. She is a high school graduate with six months of secretarial training. She has worked her entire adult life in clerical/secretarial positions, and she is currently earning $15,000 per year. Mr. Bailey, a medical clinic administrator, earned $149,185 in 1991 and testified that he expected to earn $157,600 in 1992.
Each party contributed funds to this marriage. Mr. Bailey contributed over $47,000, and Mrs. Bailey contributed $13,000. Their life styles consisted of eating out an average of four times per week, employing domestic help, vacationing in Hawaii and Europe, living in a condominium valued at over $150,000, and owning a boat worth over $30,000.
In the final judgment the trial court awarded Mrs. Bailey $2,500 per month permanent alimony, and, in order to secure that alimony, the trial court ordered Mr. Bailey to procure $50,000 in life insurance with Mrs. Bailey as the beneficiary. Further, the trial court distributed Mr. Bailey's 401K plan by awarding Mr. Bailey $16,000, and Mrs. Bailey $62,500. Mrs. Bailey was awarded her $6,400 IRA, jewelry valued at $1,600, stock and cash worth $3,500, and her vehicle. The trial court awarded Mr. Bailey the boat with the remaining balance of payments, the condominium with its mortgage, and his IRA valued at $3,300.
We conclude that the trial court committed error in the valuation of personal and real property which has affected the distribution scheme to the parties. It appears the uncontroverted evidence at trial placed the indebtedness of the condominium at $122,579. If one utilizes Mrs. Bailey's value for the condominium, its equity is $37,421. If the valuation offered by Mr. Bailey's expert witness is accepted, the value of the condominium equity is $13,400. The trial court, however, valued the condominium's equity at $57,600. There is no evidence to support that figure.
As to Mr. Bailey's 401K plan, the records support that its vested value is $66,657. However, the trial court's award to each of the parties from this plan totaled over $78,000. That figure is not supported by the evidence. Lastly, the trial court improperly placed an equity value of $5,500 on the family boat when the only evidence offered at trial came from Mr. Bailey who valued the boat at $4,696.
Because each of the property valuations utilized by the court are interrelated to the question of alimony, we are compelled to reverse this case in its entirety and direct the trial court to readdress the issue of alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We recognize that this case falls into the "grey area" of whether an award of permanent alimony is proper. See Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992); Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992). However, we note that the supreme court has set forth the criteria for establishing the need of a spouse for permanent periodic alimony. The seven factors that should be considered are the parties' earning ability, age, health, education, duration of the marriage, standard of living, *817 and the value of the parties' estate. Canakaris, 382 So.2d at 1201-02. See also Murray v. Murray, 598 So.2d 310 (Fla. 2d DCA 1992).
Further, if the trial court determines that permanent alimony is not appropriate, it then should consider whether this record contains sufficient evidence to sustain an award of rehabilitative alimony. Obviously, the trial court, in making its determination concerning alimony, will need to address its previous order requiring Mr. Bailey to purchase a life insurance policy which names Mrs. Bailey as a beneficiary.
Reversed and remanded for further proceedings consistent with this opinion.
PATTERSON, J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I concur with three brief additional observations. First, the seven factors described in Canakaris for consideration in awarding permanent periodic alimony are similar, but not identical, to the statutory factors described in section 61.08(2), Florida Statutes (1991). A trial court should not overlook the statutory factors in making such a decision.
Second, Mrs. Bailey is forty-seven years old, whereas the wives in Gregoire and Kremer were in their mid-thirties. In my own mind, the factor of age weighs more heavily in favor of permanent alimony when the spouse requesting permanent alimony is approaching fifty. We cannot ignore the present economic reality that, as they become older, people have a more difficult time reentering the job market or improving their economic station within the job market. Despite the fact that our opinion leaves open the option of rehabilitative alimony, I see little to suggest that such alimony is appropriate in this case.
Finally, the incorrect evaluation of the 401K plan is compounded by a final order that does not appear to be a qualified domestic relations order for purposes of section 414 of the Internal Revenue Code. On remand, the parties should consider whether that part of the order addressing this retirement plan needs additional language. See The Florida Bar Continuing Legal Education, Florida Dissolution of Marriage § 10.57 (3d ed. 1990).