PARKER, Acting Chief Judge.
State of Florida Department of Health and Rehabilitative Services, on behalf of Lynn H. Pearce (mother), challenges the trial court’s order which modified the final amended order of dissolution regarding child support. We affirm that portion of the order which modified the father’s monthly child support obligation to $131 per week. However, we agree with several issues raised on behalf of the mother which compels us to reverse and remand this case to the trial court.
The trial court granted a final judgment of dissolution of marriage between the mother and Mark Pearce (father) in August 1990, which was limited to a dissolution of the marriage and reserved jurisdiction on all other matters. The Pearces had been separated for over five years prior to that final judgment. Although not part of the record, it was not disputed at oral argument that a temporary support order, in effect for over five years, required the father to pay temporary support of $100 per week for the two children of the marriage. In January 1991 the trial court entered an amendment to the final judgment of dissolution of marriage, establishing child support for the two children at $115 per child,[1] granting primary *35 residence of the children to the mother, setting a visitation schedule, providing medical insurance for the children, and making provisions for payments of other expenses for the children. All child support payments were ordered to be paid through the court. Contained in the amendment to the final judgment was the following paragraph:
This court specifically reserves jurisdiction of this case and the parties hereto for the purpose of determining and enforcing the amount of any arrearage and the temporary child support awarded to the wife previously in this case.
In October 1991 the father filed a motion for modification of the amended final judgment claiming a loss in income and his belief that the mother’s financial position had improved considerably subsequent to the final hearing. The hearing on this motion was not completed until October 5, 1992. The trial court’s order, which is the subject of this appeal, addresses the father’s motion and the mother’s motion for contempt. The motion for contempt is not contained in the record.
We conclude that the trial court erred in several respects in its order on the motion for modification. The father’s new spouse, through receipts and canceled checks, presented evidence that reflected that the father was entitled to credit toward his child support obligation of $16,527 paid on behalf of the children before the entry of the amended final judgment. The father had paid this amount above his court-ordered support obligation directly or indirectly for the benefit of the children. The evidence supported the fact that the father made additional direct or indirect overpayments in the amount of $11,-822 between the date of the amended final judgment up to the date of the hearing on the father’s motion for modification. In its order, the trial court agreed with the father and recognized that these payments were an implicit agreement between the father and mother to avoid the depository procedure through the court and that the pattern of payment established over six years was not evidence that the money was a gift to the children. The order, which granted the father’s motion for modification, found that the mother was estopped to claim arrearages and that the trial court would reserve jurisdiction to apply the monetary credits at some future time, “on terms of justice and fairness.”
While the payments above the court-ordered amount are laudable and certainly could be considered by the trial court in denying the mother’s motion for contempt for nonpayment of the court-ordered obligation, any such amounts are not entitled to credit against past or future court-ordered support payments. We assume the temporary support order fixed the terms of the temporary support payment. In Aylward v. Aylward, 420 So.2d 660 (Fla. 2d DCA 1982), this court concluded that any award for ar-rearages in temporary support is limited to the reservation of jurisdiction in the final judgment of dissolution. We see nothing in the reservation of jurisdiction in the amended final judgment which would permit such a credit to the father. The reservation of jurisdiction would permit the trial court to determine from the evidence only whether the father complied with the order of temporary support up to the date of the amendment to the final judgment. The issue of credits for items which were not ordered by the court merged into the final judgment. Aylward, 420 So.2d at 661. See also Skinner v. Skinner, 579 So.2d 358, 359 (Fla. 4th DCA 1991).
Any other award of credit is also error. The amendment to the final judgment set the method for support payments beginning in January 1991. Payments by the father in other forms which do not comply with the trial court’s order cannot be controlled by the mother. Although such payments may avoid a finding of contempt, it does not satisfy the amended final judgment which directed that all support payments be made directly to the domestic relations department of the clerk of court, and further ordered that no credit would be given for any payments made directly to the mother.
Further, we strike that portion of the trial court’s order which directed that a portion of the father’s support payment go directly to a private school for one of the *36 children for which the father was to be given credit. Both the father and the mother testified that they each agreed to pay for the tuition of one child to permit the two children to remain in the private school. This agreement is outside of any preexisting court-ordered obligation. Allowing this credit would effectively deprive the mother of one tuition payment because the parents agreed to share equally this cost without regard to their respective support obligation.
We also strike that portion of the trial court’s order which permits the father to buy up to $300 per month in children’s clothing and claim the cost as a credit against his support payments. The father’s motion never sought such relief. Modification of a court judgment upon matters outside of the scope of the parties’ pleadings cannot stand and is voidable on appeal. Cortina v. Cortina, 98 So.2d 334 (Fla.1957). See also Johnson v. Johnson, 546 So.2d 97 (Fla. 4th DCA 1989). Further, there was no evidence presented at the hearing that the mother was not providing adequate clothing for the children.
We also strike the credit given to the father of an award of $7500 to reimburse him for paying the wife’s attorney’s fees. We have found no pleading requesting such relief. See Cortina. Further, we have found no’ evidence in this record to support such a credit; and even if there was evidence in the record, the amendment to the final judgment provided that the father “shall make a reasonable contribution toward the payment of the wife’s attorneys’ fees and costs in conjunction with this action.”
Finally, we note that the trial court reserved jurisdiction to determine the dependency exemption for the children. Generally the custodial parent is entitled to the exemption unless one of three exceptions to the rule applies. The three exceptions to the rule are as follows: (1) where a multiple support agreement is in force, I.R.C. § 152(e)(3); (2) where a judgment executed before January 1, 1985, provides that the custodial parent releases his or her claim to the exemption to the noncustodial parent and the noncustodial parent provides at least $600 of support during the calendar year, I.R.C. § 152(e)(4); or (3) where the custodial parent releases the exemption to the noncustodial parent, I.R.C. § 152(e)(2). The husband does not appear to come within any of these exceptions to the general rule and, therefore, would not be entitled to the exemption under the code. See McKenzie v. Kinsey, 532 So.2d 98 (Fla. 1st DCA 1988).
Reversed and remanded.
BLUE, J., and ADAMS, DURAND J., Associate Judge, concur.

. This payment was reduced to $125 per week for both children during the father's summer *35 visitation.