658 So.2d 607 (1995)
Michele Harriett GRAY, Appellant,
v.
Robert W. GRAY, Appellee.
No. 94-00311.
District Court of Appeal of Florida, Second District.
July 19, 1995.
*608 Michael P. Reiter, North Fort Myers, for appellant.
Theodore L. Tripp, Jr. of Garvin and Tripp, P.A., Fort Myers, for appellee.
LAZZARA, Judge.
Michele Harriett Gray, the former wife, appeals a final order, as well as an amended final judgment of dissolution of marriage. She argues that the trial court erred (1) in awarding her rehabilitative alimony instead of permanent periodic alimony; (2) in awarding the former husband one-half of the net proceeds of the sale of the marital residence without first deducting one-half of the mortgage and maintenance payments she was ordered to make; (3) in awarding the former husband the dependency tax exemption for two of the parties' minor children; (4) in failing to require the former husband to maintain a life insurance policy to secure his alimony and child support obligations; and (5) in awarding her only one-half of her trial attorney's fees, as well as failing to award her temporary appellate fees. We conclude that the former wife's first three contentions have merit and, accordingly, reverse and remand for further proceedings. We affirm her last two points without discussion.
The former husband filed a petition for dissolution of marriage in July of 1989. The trial court granted his motion for bifurcation of the proceedings and entered a judgment dissolving the marriage in May of 1990. The judgment reserved jurisdiction to determine all other issues stemming from the divorce. In March of 1992, the trial court conducted two hearings at which it received evidence on the reserved issues. This evidence established the following.
The parties were married in 1972 when they were both employed as social workers. Shortly thereafter, the former husband attended law school while both parties continued to work. After the former husband graduated from law school in 1976, their first child was born. At this time, the former wife left her employment and was engaged as a full-time homemaker for the next fourteen years of the marriage, during which two other children were born. She testified that it was a mutual decision that she remain a homemaker and assume the role of primary caregiver to the children.
The former husband testified that in 1981, when their first child was five years old, he encouraged the former wife to go back to *609 work. However, he also testified that when their second child was born in 1984, "that ended it," meaning the former wife would no longer be able to work outside the home. The parties' third child was born in 1985. After the parties' separation in March of 1988, the former wife continued to have the primary responsibility for the care of the children.
The former husband further testified that he was earning $83,000 yearly as a deputy county attorney. The former wife's testimony revealed that she was forced to go back to work in September of 1991 and was making $23,000 annually as a social worker. She further testified that her standard of living had deteriorated substantially from the standard enjoyed during the marriage in that she had to return to work, was now unable to enroll the children in private schools, could no longer stay home and care for them, and was precluded from vacationing with them. She also related a financial inability to maintain the marital residence, as well as a recurring problem in paying normal living expenses such as purchasing new clothes for the children and paying utility bills.
The trial court entered a final order on the reserved issues in June of 1992 and an amended final judgment in October of 1993. One aspect of the trial court's ruling was to award the primary residential care of the parties' three children to the former wife. Against this backdrop, we proceed to an analysis of the wife's meritorious points on appeal.
The trial court awarded the former wife $100 per month in rehabilitative alimony for a four-year period, but did not award her permanent periodic alimony as she requested. She now contends that the trial court abused its discretion in not awarding her permanent periodic alimony. We agree.
Both parties concede, and we agree, that there are gray areas in determining whether permanent periodic alimony should be awarded in cases involving marriages of similar duration where the parties have minor children and disparate incomes. See, e.g., Hann v. Hann, 629 So.2d 918 (Fla. 2d DCA 1993); Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992). However, from reviewing our prior decisions, we conclude that a key factor in such a determination is whether the parties agreed that the wife should leave her employment and function solely as a homemaker, caring for their minor children on a full-time basis.
In Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991), we held that the trial court abused its discretion in failing to award the wife permanent periodic alimony. The parties were in their middle forties and had been married for fourteen years. At the time of the dissolution, the husband claimed he made $60,000 a year, and the trial court projected the wife's income at $27,000 per year if she worked full time. We based our decision on "the length of the marriage, the standard of living of the parties, the needs of the wife, and the fact that the trial judge determined that the husband makes over twice the amount wife has the potential to earn on a full-time basis[.]" Id. at 1051. We also observed, however, that although the wife worked during the first four or five years of the marriage, "[a]fter their daughter was born, the parties decided the wife should stay home and care for the child." Id. at 1050. Significantly, after noting that the trial court's determination of the wife's earning potential contemplated full-time employment, we stated that for the wife to work full time would "necessitate her to arrange for child care for their eight-year-old daughter and require her to suspend caring for the daughter during the summers." Id.
In Gregoire, 615 So.2d 694, we affirmed the trial court's award of permanent periodic alimony. There the parties had been married eleven years and had two children. The wife was thirty-seven and the evidence indicated she had the present ability to earn $20,000-25,000 per year with a potential to earn $30,000-35,000 in five years. The husband was earning $210,000 per year. We distinguished Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992), which reversed an award of permanent alimony in a six-year childless marriage. One distinction we noted was that the Gregoires had two minor children "for whom the wife has primary residential custody, whereas no children were involved in the Kremer marriage." 615 *610 So.2d at 695. A second distinguishing factor we emphasized was that after Mr. Gregoire's income had increased substantially in recent years, "the parties had specifically agreed that the wife would stop working, permanently terminate her career, and become a full-time homemaker, as she did, whereas an agreement of that type is not reflected in Kremer." Id. Moreover, as in Gregoire, there is no evidence in this case to suggest that the former wife has ever or will ever disregard the interests of the children.
In Hann, 629 So.2d 918, we reversed the trial court's award of permanent alimony. There, the parties had been married for fifteen years and had one child. The husband was forty-five and the wife was forty. He was making $58,000 per year, and she made $28,000 in her last teaching position. She had worked continuously during the marriage until their move to Florida, where she was unable to find full-time employment. At the time the husband filed the petition for dissolution, the wife was not working full time for the first time in the marriage, although, as we noted, the wife contemplated a move to Missouri to teach. Thus, from the facts, it is clear that the parties never agreed that the wife become a full-time homemaker, and the husband never enjoyed the benefits of such an arrangement.
We conclude that the facts of the present case are closer to Nelson and Gregoire than they are to Hann.[1] As the record amply reflects, the parties have disparate incomes, and their marital arrangement called for the former wife to remain at home, forego her career, and take care of the children for the majority of their eighteen-year marriage. Furthermore, there is no evidence that the former wife could ever support herself on the level she enjoyed during the marriage, and it is also clear that the former husband could provide some level of permanent support.
Accordingly, in determining whether permanent periodic alimony was appropriate under these circumstances, the trial court should have given great deference to the parties' arrangement regarding the former wife's employment status and her role as the primary caregiver to their children during the marriage. Zeigler v. Zeigler, 635 So.2d 50, 53 (Fla. 1st DCA 1994). Because the trial court failed to acknowledge this significant factor, we conclude that it abused its discretion in failing to award her permanent periodic alimony. Thus, on remand, the trial court shall make such an award consistent with the former wife's needs and the former husband's ability to pay. Canakaris v. Canakaris, 382 So.2d 1197, 1201-1202 (Fla. 1980).
We next consider the trial court's equitable distribution scheme which awarded each party a one-half interest as a tenant in common in the marital residence. Under this plan, the trial court ordered that the home be sold, with the former wife enjoying possession until the sale. She was required, however, to pay all mortgage and maintenance expenses. Upon the sale of the home, the trial court directed that the net proceeds be divided equally between the parties.
The former wife contends that the trial court erred in not awarding her credit for one-half of the mortgage and maintenance expenses she was required to make on the marital residence from the date of the dissolution of the marriage up to the date of the sale before dividing the net proceeds.[2] We agree. See, e.g., Kelly v. Kelly, 583 So.2d 667 (Fla. 1991); Gabriel v. Gabriel, 625 So.2d 1230 (Fla. 4th DCA 1993). On remand, therefore, the trial court shall provide that the former wife is entitled to these credits.
The former wife's final meritorious complaint is that the trial court erred in awarding the former husband the federal *611 income tax dependency exemption for two of the parties' minor children effective for the taxable year 1993. We agree this was error because the former husband failed to establish the existence of any of the three factors discussed in Department of Health and Rehabilitative Services v. Pearce, 633 So.2d 33, 36 (Fla. 2d DCA 1994), which were necessary to deprive the former wife of this exemption. Accordingly, on remand, the trial court shall provide that the wife is entitled to the dependency exemption for all of the parties' minor children.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] See also Gerard v. Gerard, 656 So.2d 186 (Fla. 2d DCA 1995) (affirming award of permanent periodic alimony in an eleven-year marriage with three minor children where wife not employed outside the home for last six years of marriage, had been the childrens' primary caregiver during the marriage, and was awarded primary residential custody).
[2] Following the dissolution judgment, the trial court entered a temporary order requiring the former wife to make all mortgage payments on the home.