PARKER, Acting Chief Judge.
Kevin M. Burns appeals a final judgment and its amendment which awarded the wife, Teresa K. Burns, permanent alimony. Mr. Burns challenges the wife’s entitlement to permanent alimony.[1] Mrs. Bums filed a cross appeal, challenging the amount of child support. We affirm the entitlement to permanent alimony. See Gray v. Gray, 658 So.2d 607 (Fla. 2d DCA 1995); Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992). We reverse the amount awarded for child support.
In the initial final judgment of dissolution of marriage, the trial court utilized the child support guidelines under section 61.30, Florida Statutes (1993), and calculated Mr. Burns’s child' support obligation at $1284 per month. In an amendment to the final judgment, the trial court stated:
[T]he father’s guideline support amount is $1,229 ($1,271 — 42). However, the court finds that payment of this figure to the mother will exceed her needs when her alimony is considered. The court reduces the child support payable to the mother according to the guidelines to $398, pursuant to § 61.30(ll)(c). By payment of her alimony, $1,227, and child support of $398, and her imputed income, the former wife will be able to meet her support needs, $2,725.
We conclude that reduction was error.
This court has recognized that the child support guidelines are “a mandatory schedule of support designed to meet the minimum needs of a child in relation to the parents’ income level.” Boyt v. Romanow, 664 So.2d 995, 997 (Fla. 2d DCA 1995). The *7 Boyt court acknowledged that the support which the guidelines mandate well may exceed the child’s actual needs when the combined monthly available income is high. We conclude that the trial court abused its discretion when it reduced the guidelines amount of $1229 to only $398.
The trial court justified its deviation from the guidelines by relying on section 61.30(ll)(c). This provision states: “The court may adjust the minimum child support award or either or both parent’s share of the minimum child support award based upon the following considerations: ... The payment of both child support and spousal support to the obligee_” § 61.30(ll)(c), Fla. Stat. (1993). The trial court, however, already utilized this provision when'it deducted the amount of alimony Mr. Burns paid to the wife from Mr. Burns’s monthly available income. We hold that this deduction was not an abuse of discretion. See Nelson v. Nelson, 651 So.2d 1252 (Fla. 1st DCA 1995). However, we conclude that the further reduction from $1229 to $398 was an abuse of discretion.
We, accordingly, affirm the award of permanent alimony. We reverse the award of child support and remand this ease to the trial court to enter a child support award of $1229, which is the amount the guidelines mandate.[2]
Affirmed in part; reversed in part.
PATTERSON and QUINCE, JJ., concur.

. Mr. Bums did not challenge the amount of alimony awarded; that is, he did not argue in the alternative that if this court concluded that the wife was entitled to permanent alimony, then the amount of &e alimony should be decreased.

. The original final judgment awarded child support of $1284. The reason the correct child support amount is $1229 and not $1284 is because the trial court, in the amended final judgment, lessened the amount of the husband's income to conform to the evidence presented at the hearing. This corrected income amount lowered the husband’s child support obligation.