CAMPBELL, Judge,
Respectfully Dissenting.
Appellant, Mary Ann Tanksley, raises several issues arising out of a final judgment of dissolution of marriage. The only merit I find in any of the issues is that regarding the denial of her request for attorney’s fees. I would reverse on that issue and remand for determination of a reasonable attorney’s fee to be awarded appellant.
Appellant was unemployed during the four-year marriage, having remained in the home to care for the minor child of the parties. Prior to the marriage, she earned $10,800.00 to $15,000.00 in sales. Appellee, O. Perry Tanksley, is an attorney/CPA, but has not achieved a high level of compensation. The trial judge imputed his gross annual income at $21,000.00, which actually reflects his average annual earnings. The trial judge imputed to appellant a net monthly income of $632.00, although she had not worked in four years. Appellee was ordered to pay $307.73 per month to appellant as child support. Appellant was declared indigent by the trial court for the purpose of the filing fee required for perfecting this appeal.
It is undisputed that throughout its history, this was a one-income marriage with no appreciable assets. To deny attorney’s fees to the unemployed indigent spouse because the employed spouse, an attorney, does not have the “ability to pay” in effect denies equal access to legal representation and is, I believe, wrong.
Given the disparity in the parties’ incomes, I conclude that it was error to deny appellant’s request for reasonable attorney’s fees. See Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991). On remand, I would direct that the trial judge should determine a reasonable attorney’s fee to be awarded to appellant.