760 So.2d 152 (2000)
Richard N. HARRIS, III, Appellant,
v.
Cynthia A. HARRIS, Appellee.
No. 98-04705.
District Court of Appeal of Florida, Second District.
January 7, 2000.
Dawn Weiger O'Neill, Clearwater, for Appellant.
Tyrone Zdravko of Park, Bugg, Rodnite, Ossian and Zdravko, P.A., Clearwater, for Appellee.
EN BANC
DAVIS, Judge.
Richard N. Harris, III ("former husband") appeals the trial court's order dismissing his petition for modification of the Final Judgment of Dissolution of Marriage. In his petition, the former husband asked the trial court to award him the benefit of the income tax deduction for the child of the marriage. We reverse the trial court's order and recede from Gray v. Gray, 658 So.2d 607 (Fla. 2d DCA 1995).
On December 5, 1995, the trial court entered a Final Judgment of Dissolution of Marriage. The trial court awarded to the former wife the primary residential care of the parties' child and ordered the former husband to pay guideline child support and certain costs. The former husband later petitioned the trial court to modify the final judgment by providing to him the benefit of the federal income tax deduction for the child. The former wife moved to dismiss the petition for failure to state a cause of action, and the trial court granted that motion, citing Gray v. Gray, 658 So.2d 607 (Fla. 2d DCA 1995), State Department of Health & Rehabilitative Services on Behalf of Pearce v. Pearce, 633 So.2d 33 (Fla. 2d DCA 1994), and Holley v. Holley, 547 So.2d 192 (Fla. 2d DCA 1989). However, in its written order, the trial court wrote, "While the court may not philosophically agree with those cases, they are nonetheless on point and controlling." We elect to recede from Gray, and we reverse the trial court's order.
Prior to the Tax Reform Act of 1984, the Internal Revenue Code specified the conditions under which a parent could *153 claim a child as an income tax deduction. For example, a noncustodial parent could claim the deduction when the trial court order awarded it to him or her. However, the conditions were difficult to apply, and parents frequently contested the deduction issue with the Internal Revenue Service. See Joseph L. Landenwich, Divorce and Amended Section 152(e) of the Internal Revenue Code: Do State Courts Have the Power to Allocate Dependency Exemptions?, 29 J. Fam. L. 901, 908 (1990/1991) (citing Cross v. Cross, 178 W.Va. 563, 363 S.E.2d 449, 457 (1987); Fudenberg v. Molstad, 390 N.W.2d 19, 21 (Minn.Ct.App.1986)). The Tax Reform Act of 1984 created a presumption that the custodial parent would enjoy the benefit of the deduction unless the parents entered into a multiple support agreement or the custodial parent released the exemption to the noncustodial parent. See I.R.C. § 152(e)(2)(b) (1982).
After Congress passed the Tax Reform Act, authority split nationwide on whether the act prohibits state trial courts from awarding the dependency exemption to a noncustodial parent directly or indirectly. See Landenwich, supra, at 901. Some state trial courts would order the custodial parent to sign a release under threat of contempt. See id. at 914. Others ruled that federal law preempted the issue and the state court had no jurisdiction regarding the issue. See id. at 902-903, 917-18. The majority view nationwide now holds that the Tax Reform Act does not prohibit state courts from ordering the custodial parent to execute such a release. See id. at 902. In Florida, this court and the First District joined the minority view. See Pearce, 633 So.2d at 35; Holley, 547 So.2d at 192-93; McKenzie v. Kinsey, 532 So.2d 98, 99-100 (Fla. 1st DCA 1988.) Other Florida courts accepted the majority view and agreed that the trial court could order the custodial parent to sign the release. See Fenner v. Fenner, 599 So.2d 1343, 1345 (Fla. 4th DCA 1992); Ford v. Ford, 592 So.2d 698, 699 (Fla. 3d DCA 1991).
In 1993, the Florida Legislature attempted to resolve this conflict by adding subsection 61.30(i) to the child support guidelines, effective July 1, 1993. See Ch. 93-208, Laws of Fla. The new subsection states that in awarding child support, the trial court may consider "the impact of the Internal Revenue Service dependency exemption and the waiver of that exemption." Id. The language specifically provides, "The court may order the primary residential parent to execute a waiver of the Internal Revenue Service dependency exemption if the noncustodial parent is current in support payments." Id. Accordingly, subsection 61.30(i) authorizes Florida trial courts to exercise this discretion, when appropriate, under the circumstances of a particular case. Since the effective date of this subsection, Florida decisions have allowed trial courts to order custodial parents to execute the release, although many of the opinions do not refer specifically to section 61.30. See, e.g., Robertson v. Bretthauer, 712 So.2d 1140 (Fla. 3d DCA 1998); Vick v. Vick, 675 So.2d 714 (Fla. 5th DCA 1996); Griffin v. Griffin, 665 So.2d 352 (Fla. 1st DCA 1995); Parker v. Parker, 655 So.2d 233 (Fla. 1st DCA 1995).
In 1995, this court decided Gray, 658 So.2d 607, in which we held that "the trial court erred in awarding the noncustodial former husband the federal income tax dependency exemption," because he did not meet the requirements of Internal Revenue Code § 152(e)(2)(b). Id. at 610-11. We made no reference to the newly adopted subsection 61.30(i), and relied on our prior decision in Pearce, 633 So.2d at 36. We note that Pearce reviewed a trial court order entered prior to July 1, 1993, the effective date of subsection 61.30(i). However, the trial court in Gray entered its order after the effective date of the subsection. Consequently, our reliance on *154 Pearce was error.[1]
We recede from Gray to the extent that it conflicts with subsection 61.30(i). Subsection 61.30(i) gives the trial court discretion to order the custodial parent to execute a release of the claim for the income tax deduction. Accordingly, we reverse and remand for further hearings consistent with this opinion.
PATTERSON, C.J., CAMPBELL, THREADGILL, PARKER, ALTENBERND, BLUE, FULMER, WHATLEY, NORTHCUTT, GREEN, CASANUEVA, SALCINES and STRINGER, JJ., Concur.
NOTES
[1] We note that neither party in Gray raised the applicability of the statute. Likewise, the former husband in the case sub judice did not raise the statute before the trial court. He first raised the applicability of the statute in his reply brief.