854 So.2d 809 (2003)
Marie Elena LaFLAM, Appellant,
v.
Kevin P. LaFLAM, Appellee.
No. 2D02-3120.
District Court of Appeal of Florida, Second District.
September 10, 2003.
Andrew J. Rodnite, Jr., of Reeser, Rodnite, & Zdravko, P.A., Palm Harbor, for Appellant.
M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellee.
NORTHCUTT, Judge.
In this dissolution of marriage action, the parties amicably resolved all issues except alimony. The circuit court denied Mrs. LaFlam's request for permanent, rehabilitative, and bridge-the-gap alimony. We reverse for further proceedings because the court determined the alimony issue after improperly imputing income to Mrs. LaFlam.
The LaFlams were married in December 1988. At that time, Mr. LaFlam was in the military and Mrs. LaFlam was working for an international banking organization in Washington, D.C. Shortly before the wedding, he was seriously injured in a car accident and became a quadriplegic. In May 1989, Mrs. LaFlam left her employment to provide her husband with full-time nursing care. She obtained training at a hospital so that she could supply the level of care Mr. LaFlam needed. Mrs. LaFlam continued to provide this care until mid-1996, when the Veteran's Administration began giving Mr. LaFlam skilled nursing care at no charge.
Neither of the LaFlams held any significant employment during their marriage. They lived on Mr. LaFlam's Veteran's Administration and Social Security benefits, which, at the time of the final hearing, were about $7000 per month. Mr. LaFlam attended college and obtained a bachelor's *810 degree. After the Veteran's Administration began providing a skilled nurse for Mr. LaFlam, Mrs. LaFlam returned to college and earned a master's degree in linguistics. She testified that she did so because she enjoyed that field of study. She never intended to support herself with her degree because the couple's needs were met by Mr. LaFlam's benefits.
In its detailed order denying alimony, the circuit court addressed the factors enumerated in section 61.08(2)(a)-(g), Florida Statutes (2000). When rejecting Mrs. LaFlam's request for alimony, the court imputed $4000 per month income to her. The court apparently based the amount on her 1988 salary at the international banking concern in Washington, D.C. At that time, she earned $3600 per month. Her income was not taxed because she was a Peruvian citizen.
A court may impute income to a spouse who is earning less than she could with the use of her best efforts. Ritter v. Ritter, 690 So.2d 1372, 1374 (Fla. 2d DCA 1997). However, there must be competent, substantial evidence supporting the conclusion that the spouse could earn the imputed amount. See Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998) (explaining that the standard of review of a court's decision to impute income is whether competent, substantial evidence supports its conclusion).
Nothing in this record established that Mrs. LaFlam, now aged forty-five, was capable of earning the salary she gave up some thirteen years earlier in order to care for her husband. In fact, there was no record evidence whatsoever about the nature of her position in Washington, what skills were required, whether these skills were current, whether they could presently be applied in any other position, or what that position might pay. Moreover, Mrs. LaFlam testified that she had sought a position with her former employer, but that none was available. She also testified that there were no similar jobs in Florida.
The only testimony about Mrs. LaFlam's present earning ability came from Mrs. LaFlam herself. She testified that her master's degree in linguistics would not enable her to earn sufficient money to pay her expenses. If there were teaching opportunities open at the University of South Florida, she could teach three classes per semester at the rate of $2000 per class. She applied to teach at Hillsborough Community College, where she could earn $1590 per quarter, but was not hired. The year before the hearing, while Mrs. LaFlam was pursuing her master's degree, USF paid her a total of approximately $2000 as a stipend.
We reverse the final judgment because the imputation of $4000 per month income to Mrs. LaFlam was not supported by competent, substantial evidence. Hinton, 725 So.2d at 1156. On remand, the circuit court must redetermine whether she is entitled to any form of alimony. See Borchard v. Borchard, 730 So.2d 748 (Fla. 2d DCA 1999); Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994); Bailey v. Bailey, 617 So.2d 815 (Fla. 2d DCA 1993); Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992); Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988). The court may take additional evidence, if needed.
Reversed.
STRINGER and KELLY, JJ., Concur.